**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR. NO. 05-337 (PLF)** |
| | : | |
| **WESAM AL-DELAEMA,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* FOR RULINGS PRIOR TO MOTIONS HEARING**

The government has filed a pleading styled *Motion In Limine for Ruling Prior to Motions Hearing* [*Motion*]. First, the government asks the Court to deny the motion to suppress the wiretap evidence as a "matter of law." Second, the government seeks an *in limine* ruling from the Court limiting the scope of questioning by the defense. Because both the wiretap evidence and the statements of Mr. Delaema were obtained by Dutch law enforcement officials, a review of the standards governing admissibility of evidence obtained by foreign officials is useful in responding to the government's motion.

**I. Applicable Standards Governing Evidence Obtained by Foreign Law Enforcement**

a. The Statements

Mr. Delaema has moved to suppress his statements on two grounds. First he contends they were involuntary. Second, he contends they should be suppressed because they were obtained in violation of *Miranda*. As to the former claim, statements which are involuntary are inadmissible irrespective of whether they were obtained by the Dutch officials. As Judge

Huvelle noted in *United States v. Karake*, 443 F.Supp. 2d 8, 50-53, there is some confusion as to

on this point as some cases also use a "shocks the conscience" test in evaluating the admissibility

of statements obtained by foreign officials.  But, as Judge Huvelle also noted (quoting from the

government's memorandum in *Karake*), this language seems to have been erroneously imported

into the voluntariness inquiry from Fourth Amendment cases and the leading case for this

proposition actually relied on a case that applied a pure voluntariness standard.  *Id*., at 53.  In

*United States v. Abu Ali*, 395 F. Supp. 2d 338, 342, 372-82 (E.D. Va. 2005), another recent case

cited and discussed by the government, *see Motion*, at 6, the court applied both tests, separately

finding that the statements in question were voluntary and also that they were not obtained by

methods that "shock the conscience."  Thus, in considering the voluntariness issue, the fact that

the statements were obtained by foreign law enforcement officers is not determinative.

The same rule does not apply to the *Miranda* issue.  The general rule is that statements

are not rendered inadmissible because foreign law enforcement officers failed to render *Miranda*

warnings.  Although the precise formulations and categorizations differ, as the government

suggests, there are three recognized exceptions to this general rule, namely where (1)  U.S. agents

actively participate in the questioning; (2)  the foreign officials are acting as agents or *virtual*

*agents* of the U.S. government or (3)  the cooperation was designed to evade constitutional

restrictions on U.S. agents.  See *United States v. Karake*, 443 F.Supp. 2d at 94, n. 114; *United*

*States v. Abu Ali*, 395 F.Supp. 2d at 381; *United States v. Bin Laden*. 132 F.Supp. 2d 168, 187

(S.D. N.Y. 2000); *United States v. Maturo*, 982 F.2d 57, 61 (2d Cir. 1992).

b.  The Wiretap Evidence

Mr. Delaema acknowledged in his initial motion that the Supreme Court's decision in

*United States v. Verdugo-Urguidez*, 494 U.S. 259 (1990) forecloses any Fourth Amendment claim.  Mr. Delaema also acknowledged that several Courts of Appeals have held that the Federal Wiretap Statute does not apply extraterritorially.  Because neither the Supreme Court nor this Circuit has ruled on the latter issue, Mr. Delaema raises the issue, which, at a minimum, requires development of the basic facts.  *See Reply to Government's Motion to Suppress*, at 2-3.  In his motion Mr. Delaema also invoked the joint venture and shock the conscience exceptions set out in *United States v. Barona*, 56 F.3d 1087 (9th Cir. 1987).  *See Motion*, at 19.

## II.  The Wiretap Motion Request

The government asks the Court to deny Mr. Delaema's motion to suppress the wiretap evidence as a "matter of law."  Presumably, the government's request is that the Court not hear any evidence concerning the circumstances of the wiretap.  As the government describes in its *Motion*, Mr. Delaema offered to work with the government in preparing stipulated facts for the Court to consider in ruling on the motion.  The government thereafter sent the defense a proposed stipulation of facts.  The defense did not take issue with the substance of the *facts* which the government wanted to stipulate,[1] but wanted to supplement the government's version with additional ones.  The government expressed no interest in supplementing its proposed facts (even though it made no meaningful inquiry as to what the defense wanted to add to the stipulation).

Mr. Delaema does not quarrel with the government's recital that the parties made a "good

---

[1]The defense did quarrel with the government's attempt to characterize certain facts by adding non-neutral descriptions such as "carefully" to describe the Dutch actions and to the government's unsupported conclusion that the Dutch strictly complied with Dutch law in seeking and conducting the wiretaps.

faith effort" to agree to a set of stipulated facts. *Motion*, at 3. But the defense disagrees with the government's conclusion that a stipulation could not be reached because "the parties hold very different views on which facts are relevant to the legal issues." *Id*. The fact that the parties may disagree as to the relevance of a fact does not prevent a stipulation concerning that fact. The relevance and application of the fact to the particular issue is a determination for the court. The government's disinterest in the defense's proposed additions to its desired stipulation and its attempt to preclude development of the facts in the evidentiary hearing suggest an effort to restrict presentation of the issue to its own version of what took place. It is one thing to argue to the Court after development of all the facts that the Court should deny the defendant's motion as a matter of law. It is another to argue that the Court should not deny the motion without hearing the evidence.

The defense is not attempting to use the wiretap motion as a discovery tool. Indeed, the evidence concerning the relationship and cooperation between the Dutch and U.S. investigators will likely be much the same as that adduced on the joint venture issue regarding the statements.

## III.  The *In Limine* Request

The precise nature of the *in limine* relief which the government seeks is not clear. The bulk of the government's pleading is simply its contention that the facts here will not demonstrate a joint venture. In so arguing, the government jumps the gun and ignores the point that the question of whether the Dutch and U.S. governments were involved in a joint venture is a factual one that requires the taking of evidence. *United States v. Karake*, 443 F.3d at 13 (question of whether a joint venture exists is an "intensely fact-specific" one). In fact, in each of the principal cases cited by the government, the Court heard extensive evidence on the joint

venture issue. *See United States v. Abu Ali*, Fed. Supp. 2d 338, 344, 348  (E.D. Va. 2005) (court

heard seven days of testimony from Saudi officials via satellite and approximately eight days of

additional testimony live before the Court); *United States v. Karake*, 443 F. Supp. 2d 8, 13 (D.

D.C. 2006) (court conducted five week evidentiary hearing); *United States v. Bin Laden*, 132

F.Supp. 2d 168, 172-81 (S.D. N.Y. 2001)(lengthy evidentiary hearing).  The government

apparently recognizes the issue cannot be determined without the taking of evidence, as it only

seeks to have the Court limit the defense's questioning.[2]   The defense agrees that it is not

entitled to merely "go on a fishing expedition," but it is entitled to develop the facts underlying

the degree of cooperation between the Dutch National Police and the FBI in investigating this

case.   Further, because the facts underlying the issue of joint venture are of a kind peculiarly

within the knowledge of the government, it bears the burden of proof on the issue.  *See Day v.

Matthews*, 530 F.2d 1083, 1086, n. 5 (D.C. Cir. 1976).

    The government's request for an *in limine* ruling in a suppression hearing context is an

unusual one and ignores the distinction between suppression hearings and trials where *in limine*

rulings are often necessary to prevent the jury from being exposed to inadmissible evidence.  In

contrast, in non-jury proceedings judges hear frequently evidence that they ultimately determine

either is not relevant or of limited significant to their decision.  The Court is perfectly capable of

hearing the evidence and making a determination as to the significance of particular evidence to

---

[2]As in any other hearing the government can object to evidence that it feels is irrelevant.
Its speculation, for instance, that the defense will attempt to elicit "sensitive and irrelevant
information concerning the Nicholas Berg murder investigation," *Motion*, at 9, is not only
premature, it is incorrect.  Counsel has no intention of seeking detailed information concerning
the Berg investigation and, as noted, the availability of objections to questions it feels are
inappropriate will adequately protect the government's interest.

the issues before it.

The government's proffered justification for denial of defense requests for production of certain documents is also premature at this point.  The defense wrote the government last month asking that these documents be available at the suppression hearing to expedite matters if the Court disagrees with the government's position .  In the event the Court finds any previously undisclosed document relevant, numerous procedural options are available to protect the government's interests, including protective orders, redactions or *in camera* examination by the Court.  In this regard counsel notes that the government has not claimed any of the requested documents are classified.

Respectfully submitted,

_____"/s/_____
Robert L. Tucker
Counsel for Mr. Wesam Al-Delaema
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500