**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Criminal No. 05-337 (PLF)** |
| **WESAM AL DELAEMA,** | : | |
| **also known as** | : | |
| **WESAM KHALAF CHAYED DELAEME,** | : | |
| | : | |
| **Defendant.** | : | |

**PROTECTIVE ORDER (UNCLASSIFIED)**

This matter is before the Court on the Government's *Ex Parte*, *In Camera*, Under Seal

Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act

and Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("Government's Motion for a

Protective Order").  By its motion, the government requested that the Court, pursuant to CIPA §

4, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an *ex parte*, *in camera* review of

the government's submission; (2) authorize the government to delete specified classified

information from discovery; and (3) order that the entire text of the government's motion and all

accompanying exhibits shall not be disclosed to the defense and shall be Sealed and preserved in

the records of the Court to be made available for all future review of these proceedings.

The Court has carefully reviewed each of the defendant's discovery demands and

requests, which were attached to the government's motion, including but not limited to requests

for materials discoverable pursuant to Federal Rule of Criminal Procedure 16, and *Brady v.*

*Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

The Court has also met *ex parte* with counsel for the government on July 31, 2008, and

discussed, among other things, issues related to the government's Motion for a Protective Order.

Having carefully considered the defendants' discovery demands and requests, the arguments and issues discussed with counsel for the government, and the government's motion, its memorandum of law in support of the motion, and the declaration and exhibits filed therewith, the Court **GRANTS** the Government's Motion for a Protective Order in its entirety.

The Court finds that the Government's Motion for a Protective Order was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera*, review of the government's classified motion and memorandum of law, classified declaration of a United States government official, and certain documents attached to the government's motion.

On the basis of the Court's independent review of the information and the arguments set forth in the Government's Motion for a Protective Order, the Court finds that the classified information referenced in the government's motion implicates the government's national security and classified information privilege because the information is properly classified, extremely sensitive, and its disclosure could cause serious and, in some cases, exceptionally grave damage to the national security of the United States.  Furthermore, the Court finds that none of the classified information is exculpatory, *see Brady v. Maryland*, 373 U.S. 83 (1963), and that the information does not even rise to being material to preparing a defense.  *See* Fed. R. Crim. P. 16; *Giglio v. United States*, 405 U.S. 150 (1972).

Additionally, the Court finds that the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1975), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege.  To this end, the Court finds that in applying the *Roviaro/Yunis* standard,

none of the classified information referenced in the government's motion is relevant and helpful to the defense.  This order applies to each of the defendant's discovery requests as well as to the government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

Accordingly, **IT IS ORDERED** that the government is authorized to withhold from discovery to the defense the classified information outlined in this Court's classified order on this matter.

**IT IS FURTHER ORDERED** that the government's motion, memorandum of law, and the accompanying declaration and exhibits shall not be disclosed to the defense, and shall be Sealed and maintained in a facility appropriate for the storage of such classified information by the Court Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any future review, until further order of this Court.

**IT IS SO ORDERED**, this 16th day of October, 2008.


/s/_____
PAUL L. FRIEDMAN
United States District Judge