**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No. 05-337 (PLF)** |
| v. | : | |
| | : | |
| WESAM AL DELAEMA, | : | |
| also known as | : | |
| WESAM KHALAF CHAYED DELAEME, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW RELATING TO JENCKS ISSUE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum of law regarding an issue that has arisen at the motions hearing relating to the production of documents under the Jencks Act, 18 U.S.C. § 3500, Fed. R. Crim P. 26.2. For the reasons detailed below, the Government has fully complied with its obligations under that Act.

At the motions hearing, the government's witness Marianne van Ling testified that the U.S. government has asked for all documents that would qualify as statements of Ms. van Ling that relate to the subject matter of her testimony, but that the Dutch government refused to produce some of those documents to the United States. The refusal of the Dutch government to turn over certain documents to the United States in no way diminishes the U.S. government's fulfillment of its Jencks obligations in this matter.

The Jencks Act requires that, "[a]fter a witness called by the United States has testified on direct examination," the court must, if the defendant so moves, order that the United States "produce any statement . . . of the witness *in the possession of the United States* which relates to the subject matter of the testimony of the witness." *Id*. § 3500(b) (emphasis added); *see also* Fed. R. Crim. P.

26.2.  Documents in the possession of a foreign government do not qualify as documents subject to the Jencks Act.  *See United States v. Friedman*, 593 F.2d 109, 120 (9th Cir. 1979) (neither Rule 16 nor the Jencks Act requires production of a diary that was in the possession of the Chilean government).  This principle is consistent with the courts' interpretation of the Jencks Act as not applying to materials in the possession of state authorities.  *See, e.g.*, *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001); *cf. United States v. Safavian*, 233 F.R.D. 12, 14 (D.D.C. 2005) (Friedman, J.) (explaining that the phrase "the government" in Fed. R. Crim. P. 16(a) does not include a committee of the U.S. Senate or U.S. House of Representatives "because the Congress is a separate branch of the government and was not intended by the Rules writers to be included within Rule 16").

The most that courts have required is that, in joint investigations between the United States and a foreign government, U.S. officials must make "a good faith effort" to obtain statements of a government witness that are in the possession of a foreign government.  *United States v. Paternina-Vergara*, 749 F. 2d 993, 998 (2d Cir. 1984).  In *Paternina-Vergara*, the Second Circuit explained: "If there had been no cooperation between Canadian and United States officials in the pending case, we would not hesitate to follow the Ninth Circuit's *Friedman* decision and apply in the foreign context the ruling we made in . . . the state context.  The fact of cooperation, however, makes the issue somewhat closer."  *Id*. at 997-98; *cf. United States v. Reyeros*, 537 F.3d 270, 285 & n.20 (3d Cir. 2008) (finding that documents in the defendant's Colombian court file need not be produced by the U.S. government and declining to address whether to adopt "good faith effort" standard because there was no joint investigation between the U.S. and Colombian governments).

As the evidence will demonstrate, there has been no "joint investigation" between the Dutch

and U.S. authorities with respect to the defendant.  Even, assuming *arguendo*, that the court were to find that the Dutch and U.S. authorities were engaged in a joint investigation, the government certainly has met the good faith standard.  The United States has submitted at least two requests under the Mutual Legal Assistance Treaty (MLAT) between the United States and the Netherlands in which it has asked for documents that possibly could qualify as material required to be produced under the Jencks Act, were they in the possession of the U.S. government.  On October 6, 2008, the United States submitted an MLAT request (attached hereto as Attachment 1) specifically explaining to the Dutch government its obligations under the Jencks Act and Fed. R. Crim. P. 26.2 and asking for "any prior statements" of the Dutch witnesses who might testify for the prosecution that were related to the scope of their expected testimony.  The October 6th request followed up on a verbal request made for this material during the second week of September 2008.  The U.S. request made clear that such prior statements should include "not only written reports that were written or adopted by the witness, but also any electronic communications (*e.g.*, e-mails) or database entries . . . made by the witness or adopted by the witness that relate to the subject matter of the expected testimony." The United States also explained that the scope of the expected testimony included the wiretaps of the defendant's phone calls by Dutch law enforcement, statements from the defendant obtained by Dutch law enforcement, and the extent of interaction or cooperation between the Netherlands and the United States during the course of the investigation and prosecution of the defendant.  The October 6th request was supplemental to an original MLAT request (attached hereto as Attachment 2) submitted by the United States to the Dutch government on August 10, 2005.  That request was extremely broad, and asked, *inter alia*, for "any . . . documents or reports in the possession of Dutch law enforcement authorities concerning [the investigation of the defendant]."

The facts here are thus similar to those presented in *Paternina-Vergara*, where the Second Circuit found that the prosecutor's good faith was "manifest." 749 F.2d at 998. The court noted that the prosecutor had obtained copies of numerous documents and made summaries of others. Here, as in *Paternina-Vergara*, "[w]hatever was withheld reflects the preference of the [foreign government] authorities, not the reluctance of the United States authorities." *Id*.

For the aforementioned reasons, this court should find that the U.S. government has fully complied with its obligations under the Jencks Act and Rule 26.2.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498-610

By:  \_\_\_\_\_/s/_____
GREGG A. MAISEL
Assistant United States Attorney
D.C. Bar No. 447-902
National Security Section
555 Fourth Street NW, Room 11-453
Washington, DC 20530
(202) 514-7746
Gregg.Maisel@usdoj.gov

RACHEL CARLSON LIEBER
Assistant United States Attorney
D.C. Bar No. 456-491
National Security Section
555 Fourth Street NW, Room 11-909
Washington, DC 20530
(202) 353-8055
Rachel.Lieber@usdoj.gov

DAVID I. MILLER
Trial Attorney
N.Y. Bar # 2959369
Counterterrorism Section
U.S. Department of Justice
10th & Constitution Avenue, N.W.
Washington, D.C. 20530
(202) 353-2440
David.Miller@usdoj.gov

CAROLINE D. KRASS
Special Assistant United States Attorney
D.C. Bar No. 453-506
National Security Section
555 Fourth Street NW, Room 11-860
Washington, DC 20530
(202) 514-5623
Caroline.Krass2@usdoj.gov

Dated: October 21, 2008