

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 6, 2008

Judith H. Friedman
Office of International Affairs
U.S. Department of Justice
1301 New York Ave., N.W.
Washington, DC 20530

> Re:   Sixth Supplemental Request for Assistance in the Investigation and
> Prosecution of Wesam Al Delaema (#182-21962)

Dear Ms. Friedman:

In our fifth supplemental request for assistance to the Netherlands in the investigation and prosecution of Wesam Al Delaema, dated August 1, 2008, we invited five Dutch witnesses to travel to the United States, at our expense, to testify at a court hearing during the week of October 20, 2008. As part of that fifth supplemental request, we asked to hold preparation meetings in the Netherlands with these witnesses. In response to that request, we greatly appreciate that we were permitted to hold such meetings during the week of September 8, 2008.

During those meetings in September 2008, Assistant United States Attorney Rachel Lieber and Department of Justice trial attorney David Miller advised the witnesses of our obligations to produce to the defense during the court hearing any prior statements of the witnesses in our possession that relate to the subject matter of the witnesses' testimony (commonly referred to in U.S. court as "*Jencks* material"), pursuant to Title 18, United States Code, Section 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

As explained in our fifth supplemental request, the subject matter of the witnesses' testimony will include the wiretaps of the defendant's phone calls by Dutch law enforcement and the statements obtained from the defendant by Dutch law enforcement. As further explained in our fifth supplemental request, the defendant has raised a "joint venture" argument as a basis for his motion to suppress evidence. Therefore, the scope of the witnesses' testimony is likely to include interaction or cooperation between the Netherlands and the United States during the course of the investigation and prosecution of the defendant.

Accordingly, during the week of September 8, 2008, we orally requested that the Dutch collect and produce to us, in advance of the court hearing, any prior statements of the witnesses related to the scope of their expected testimony. As Ms. Lieber and Mr. Miller explained, such "statements" include not only written reports that were written or adopted by the witness, but also any electronic communications (*e.g.,* e-mails) or database entries (*e.g.,* in the "OCTOPUS" system) made by the witness or adopted by the witness that relate to the subject matter of the expected testimony. We recognize that most, if not all, of the relevant reports written or adopted by these witnesses have been produced to us previously. However, we have not previously received any relevant electronic communications or database entries. During the September 2008 visit, we learned that some of the witnesses had made electronic entries in the "OCTOPUS" system related to the investigation and/or prosecution of the defendant. This supplemental request is written to memorialize and formalize the oral request that Ms. Lieber and Mr. Miller made in September for *Jencks* materials, as described above.

Also, as we have communicated informally, Cornelius "Kees" Dekker is no longer needed to testify at the court hearing beginning October 20. Please express our thanks to Inspector Dekker for his willingness to testify. We are in the process of making travel arrangements for the other four witnesses we identified in our fifth supplemental request.

We greatly appreciate the tremendous cooperation we have received from the Netherlands in connection with our prior requests. Thank you in advance for your assistance in this matter.

Sincerely,

Gregg A. Maisel
Assistant United States Attorney