IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | Cr. No. 05-337 (PLF) |
| | ) | |
| WESAM AL DELAEMA, | ) | |
| also known as | ) | |
| WESAM KHALAF CHAYED | ) | |
| DELAEME | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO SEAL SUPPRESSION HEARING
EXHIBITS 28, 29, 30, 31**

Counsel for the defendant moves the Court for an Order sealing both the English and

Dutch versions of government Exhibits 28, 29, 30, and 31, introduced at the suppression

hearing.[1]  Exhibits 29, 30 and 31 are verbatim transcripts of Mr. Delaema's interrogations by

Dutch detectives on May 11, 2005, May 31, 2005, and June 28, 2005, respectively.  Exhibit 28 is

a substantially verbatim memorandum of a similar interrogation of Mr. Delaema, conducted on

May 2, 2005.   At the conclusion of the proceedings on October 23, 2008, the parties agreed to

seal these exhibits, along with the corresponding audio and video versions, in order to prevent

exposure of potential members of the jury to this  evidence and to protect Mr. Delaema's right to

---

[1]The Dutch and English versions of Government Exhibit 28 are labeled, respectively as
28 and 28-T.  The respective versions of Government Exhibits 29, 30, and 31 are 29-DT, 29-ET,
30-DT, 30-ET, 31-DT and 31-ET.

a fair trial.   On October 28, 2008, the Court entered an Order sealing the relevant audio and video recordings.  This Order did not include the sealing of the transcripts.   Counsel hereby moves the Court to also seal the transcripts.  The parties have conferred concerning this matter and counsel is authorized to state that the government does not oppose the request that the transcripts be sealed.

It is clear that the Court has the authority at this point in the pretrial proceedings to seal the transcripts of Mr. Dealema's interrogations in order to protect his right to a fair trial.  In *Gannett Co., Inc. V. DePasquale*, 443 U.S. 368 (1979), the Court upheld a trial judge's exclusion of the public and press from a pretrial suppression hearing and denial of access to a transcript of the hearing over the press' First Amendment claim of access.  Because of the circumstances, *Gannett* did not reach the issue of whether a right of access existed, noting that the trial judge had balanced the rights of the press against the defendant's right to a fair trial and concluded that immediate access to a transcript would pose a "reasonable probability of prejudice to the defendants." *Id.*, at 392-93.

In *Press-Enterprise Co. V. Superior Court of California*, 478 U.S. 1 (1986), the Court reached the issue left undecided in *Gannett* and held that there is a qualified First Amendment right of access to pretrial proceedings.[2]   The Court held, however, that this qualified access must give way upon a finding that "first, there is a substantial probability that the defendant's right to a

---

[2]The actual issue presented in *Press-Enterprise* was whether there was a right of access to preliminary hearings in California.  Because there are compelling reasons to seal the transcripts the Court need not reach the issue of whether the reasoning of *Press-Enterprise* applies to pretrial suppression hearings.  Mr. Delaema would note, however that this Circuit has questioned that proposition. *See In re Motion of Dow Jones & Co.*, 142 F.3d 496, 502 (D.C. Cir. 1998) (noting that, unlike the preliminary hearing at issue in *Press-Enterprise*, "the Court in *Gannett* could identify no long-standing tradition of public access to pretrial suppression hearings.").

fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Id*., at 13-14.[3] Here, there is a substantial probability that Mr. Delaema's right to a fair trial will be compromised by public dissemination of detailed verbatim transcripts of Mr. Delaema's interrogations in the Netherlands. The Supreme Court has long ago demonstrated a particular concern for pretrial dissemination of statements of the accused. *See Rideau v. Louisiana*, 373 U.S. 723 (1963) (due process denied by trial in jurisdiction where defendant's questioning by police had been repeatedly televised). The spirit of this particular concern about the pretrial dissemination of a defendant's statements is reflected in Local Rule, LCrR 57.7 (b)(3)(ii), which prohibits attorneys in criminal cases from publicly disseminating the existence or contents of statements of the accused.[4] This concern is highlighted by dissemination of a detailed verbatim transcript of extensive interrogations where the detectives are repeatedly challenging and attempting to discredit the defendant, at times by reference to matters that are themselves not likely to be introduced as evidence. Under these circumstances, there is a substantial probability that Mr. Delaema's right to a fair trial would be prejudiced by public dissemination of these transcripts at this point in the proceedings.

Second, there is no remaining reasonable alternative other than sealing to prevent public

---

[3]The *Press-Enterprise* holding is reflected in this Court's rules. *See* LCrR 17.2(b). In addition, this Circuit referenced *Press-Enterprise* in *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991), which involved the sealing of plea agreements at the government's request. The case for sealing a defendant's statements to protect his right to a fair trial is much stronger than the sealing request at issue in *Robinson*.

[4]Indeed, that rule is so sensitive to the concerns about public dissemination of a defendant's statements that it even prevents pretrial disclosure of a defendant's *refusal* to make a statement.

dissemination of a detailed rendition of Mr. Delaema's interrogation.[5]  While this part of the *Press-Enterprise* language seems to focus on reasonable alternatives that would protect the defendant in the event of a public dissemination of his detailed statements, it should be noted that there are reasonable alternatives to protect any qualified First Amendment right of access of the press or the public.  The most reasonable alternative has already taken place.  A public suppression hearing has been held.  That hearing has, in fact, been attended by the press.  Further, the parties have not moved to seal the transcript of that hearing and thus a detailed verbatim account of those proceedings is available to whomever is interested.[6]

Thus, under the circumstances of this case, where the press and the public has had access to the suppression hearing and where a transcript of that hearing is available, a sealing of the actual transcripts of the detailed interrogations of Mr. Delaema is an appropriate measure, narrowly tailored to protect both the right of Mr. Delaema to a fair trial and that of the press and

---

[5]The only corrective measure that would be available to overcome the prejudice created by public dissemination of these interrogations is *voir dire*, a remedy of questionable utility given that numerous other difficult issues are likely to be encountered in attempting to select a fair jury in this case.  Exposure of potential jurors to these interrogations will unnecessarily complicate these concerns.

[6]In this regard, it should be noted, however, that while the exhibits which Mr. Delaema seeks to seal were referenced in the suppression hearing, the substantive contents of these statements were not disclosed in any detail.

the public to appropriate access to this pretrial suppression hearing.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

"/s/"

Robert L. Tucker
Assistant Federal Public Defender
625 Indiana Avenue, NW
Suite 550
Washington, DC   20004
202/208-7500