UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | |
| WESAM AL-DELAEMA | ) | NO. 05-CR-337 (PLF) |
| | ) | |

## MOTION FOR CIPA PRETRIAL CONFERENCE

NOW COMES defendant WESAM AL-DELAEMA ("Delaema"), by and through undersigned counsel, and moves this Court to hold a pretrial conference, pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. § 2, in order to discuss issues relating to CIPA that may affect Mr. Delaema's discovery and rights at trial.

## BACKGROUND

In a motion filed on January 7, 2008, the Government previously requested that this Court conduct a pretrial conference under CIPA, *see* Government's Motion for a Pretrial Conference Pursuant to 18 U.S.C. App. III (CIPA) Section 2 [Docket #25], "to consider matters relating to such classified information as required by Section 2 of CIPA." In particular, the relief requested in the Government's motion was described as follows:

> Due to the nature of the charges and the expected evidence, the United States anticipates that issues relating to classified information will arise in connection with this case. Accordingly, the United States respectfully moves for a pretrial conference to consider such matters pursuant to Section 2 of CIPA.

Docket #25, at 12.

Nowhere in its motion did the Government request an *ex parte* pretrial conference under CIPA Section 2. Indeed, the Government's motion seemed to imply that both parties would be

1

present, since it noted in its legal discussion of CIPA Section 2 how, "[t]o foster open discussions at the pretrial conference," there are specific statutory limits on how admissions made by the defendant or his attorney at the CIPA Section 2 Pretrial Conference can be used at trial.  Similarly, although the Government's motion described in theoretical terms CIPA Sections 3 (Protective Orders), 4 (Discovery), and 5 & 6 (Classified Information During Discovery), the Government's motion specifically stated that "the United States does not anticipate presently that Sections 3, 5 and 6 will be implicated in this case.  Docket #25, at 12 note 2.[1]

On August 1, 2008 [Docket #45], however, the defense received the Government's Notice of Pretrial Conference Pursuant to Section 2 of the Classified Information Procedures Act [Docket #45].  The Notice advised the defense that a Section 2 pretrial conference had already been conducted, *ex parte*, on July 31, 2008, "to consider matters relating to classified information that may arise in connection with this proceeding."  On September 5, 2008, the defense received the Government's Notice of Filing of Motion and Memorandum of Law in Support of Request for Protective Order Pursuant to CIPA Section 4 and Fed. R. Crim. P. 16(d)(1) [Docket #47], stating that the Government was filing these documents *ex parte* and under seal, for in camera review [Docket #48].  Later, on October 8, 2008, the Government filed a Notice of Filing of Supplement to this request [Docket #54], followed by another Notice of Pretrial Conference, filed on October 15, 2008 [Docket #57].  The latter document once again indicated that a CIPA Section 2 Pretrial Conference had already taken place, on October 14, 2008 – again, *ex parte*, without the defense being notified in advance or invited.

That same day, on October 15, the defense received an unclassified version of a Protective Order [Docket #59], already signed by the Court, perhaps based on a proposed Order

---

[1] The Government's motion, in describing Section 2, also acknowledged that "No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference."

presented by the Government. The Order stated the Government's Motion had been "properly filed" and was being granted "in its entirety." It then declared, among other things, that the Government's referenced information was not exculpatory, and "does not even rise to being material to preparing a defense," Docket #59, at 2, and that "none of the classified information referenced in the government's motion is relevant and helpful to the defense," Docket #59, at 3 – even though this Court had never heard from defense counsel exactly what Mr. Delaema's defenses might be. The Government's Motion and Memorandum of Law, as well as the accompanying declaration and exhibits, were ordered sealed, and never disclosed to the defense. The next day, this Court entered a Supplemental Protective Order (Unclassified) [Docket #60], which declared that the Government's Supplemental CIPA § 4 Motion, filed on October 6, 2008, also had been "properly filed," and was being granted, with all filings associated with that supplemental pleading similarly sealed from any review by defendant or his defense counsel.

## ARGUMENT AND CITATION OF AUTHORITIES

Under CIPA § 2, this Court may conduct a CIPA Pretrial Conference "[a]t any time after the filing of the indictment," upon motion by "any party," to consider matters "relating to classified information that may arise in connection with the prosecution." At this time, the defense moves this Court for a CIPA Pretrial Conference, for the purpose of seeking reconsideration of the Court's CIPA rulings, and to obtain guidance as necessary that will allow the defense to proceed with protecting Mr. Delaema's pretrial, trial and appellate rights.

Currently, the defense is left completely in the dark as to potentially discoverable information that it has not been provided as a result of the Court's orders. Although couched as "Protective Orders," the referenced orders in fact are not protective orders at all, since CIPA Protective Orders are governed by CIPA § 3, which comes into play only if discovery is being

3

produced to the defense under specified restrictions. *See* CIPA § 3. What these orders are, instead, are denials of requested discovery – entered *ex parte*, and without any input from the defense as to issues that may be raised at trial, without any apparent consideration of alternatives.

Under CIPA § 4, restrictions on the discoverability of classified information are not automatic upon request of the Government, but discretionary. *See* CIPA § 4 ("The Court, upon a sufficient showing, may authorize...."). Indeed, this Court cannot constitutionally restrict the discovery even of classified information whose disclosure might be harmful to national security interests, if it becomes apparent that the restriction would deprive Mr. Delaema of his Sixth Amendment rights to a fair trial.

In *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008), the Second Circuit recently reviewed CIPA § 4. The court analogized CIPA § 4 to the "state secrets" privilege, but then noted:

> [Even the state secrets] privilege can be overcome when the evidence at issue is material to the defense. *See Reynolds*, 345 U.S. at 12 & n.27. This standard is consistent with *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957), where the Supreme Court held in a criminal case that the Government's privilege to withhold the identity of a confidential informant "must give way" when the information "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61. Indeed, we have interpreted "relevant and helpful" under *Roviaro* to mean "material to the defense." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988)....
>
> [Under CIPA § 4, i]f the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense, i.e., useful "to counter the government's case or to bolster a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) (interpreting materiality standard under Federal Rule of Criminal Procedure 16(a)(1)). To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), to disclose exculpatory information. *See id.* at 87. "[I]nformation can be helpful without being 'favorable' in the *Brady* sense." *Mejia*, 448 F.3d at 457.

*Id.* at 80. Similarly, in *United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008), the Fourth Circuit recently reiterated that a defendant's constitutional right to a fair trial typically trumps the Government's desire to protect classified information in the interests of national security, based on Supreme Court precedent and due to the other options available to protect national security:

> [T]he governmental privilege, and indeed responsibility [to protect national security], is nonetheless "a qualified one" in the sense that it must give way when the information "'is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" *Smith*, 780 F.2d at 1107 (quoting *Roviaro*, 353 U.S. at 60-61). Specifically, [t]he trial court is required to balance the public interest in nondisclosure against the defendant's right to prepare a defense. A decision on disclosure of such information must depend on the "particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the [evidence,] and other relevant factors." *Id.* (quoting *Roviaro*, 353 U.S. at 61).
>
> If the district court determines that the information "is helpful to the defense of an accused, or is essential to a fair determination of a cause," it must be admitted. *Id.*; *see Fernandez*, 913 F.2d at 154. While the court must "take into account the government's interest in protecting national security," we have made clear that "this interest cannot override the defendant's right to a fair trial." *Fernandez*, 913 F.2d at 154; *see also United States v. Moussaoui*, 382 F.3d 453, 466 n.18 (4th Cir. 2004) ("There is no question that the Government cannot invoke national security concerns as a means of depriving [the defendant] of a fair trial."). As we most recently observed in *Moussaoui*, [382 F.3d at 474]:
>
>> In all cases of this type--cases falling into "what might loosely be called the area of constitutionally guaranteed access to evidence," *Arizona v. Youngblood*, 488 U.S. 51, 55, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988) (internal quotation marks omitted)--the Supreme Court has held that the defendant's right to a trial that comports with the Fifth and Sixth Amendments prevails over the governmental privilege. Ultimately, as these cases make clear, the appropriate procedure is for the district court to order production of the evidence or witness and leave to the Government the choice of whether to comply with that order.

*Id.* at 247-48.

In an effort to accommodate these competing interests of protecting the confidentiality of classified information while providing a defendant with any and all information that would be "helpful or material to the defense," as required by the constitution, CIPA § 4 allows this Court to take measures other than the complete withholding of classified discovery. In particular, this Court may, under CIPA § 4, authorize the United States to delete specified items from classified documents made available to the defense through discovery. Similarly, the Court may allow the Government to substitute a summary for such classified documents, or a statement admitting relevant facts that the classified information would tend to prove. *Id.* All of these alternatives should be carefully considered by this Court before excluding the referenced materials *in toto*. *See, e.g., Parhat v. Gates*, 532 F.3d 834, 849 (D.C. Cir. 2008) ("Courts … have permitted the use of appropriate nonclassified substitutions under the Classified Information Procedures Act").

The district court in *Aref* engaged in this sort of balancing of competing issues, and was commended for its careful approach by the Second Circuit. While the district court did hold *ex parte* conferences with the Government, it "also held an *ex parte, in camera* conference with defense counsel to assist the court in deciding what information would be helpful to the defense," before reaching its decision. *Id.* at 76-77. Following that endeavor, the district court ultimately decided to grant only in part – and to deny in part – the Government's requested protective relief. As *Aref's* decisionmaking process may suggest for the instant case, none of these balancing decisions should properly be made before this Court receives input from defense counsel about anticipated defenses, and conducts a careful evaluation of how the Government's withholding of responsive materials may impair Mr. Delaema's ability to prepare and present a defense at trial.

In this case, it is also worth noting that defense counsel Robert L. Tucker has previously held a U.S. security clearance, which was active until it recently expired. Co-counsel Gregory S. Smith has similarly held a U.S. security clearance in the past. Under these circumstances, where these security clearances might simply be renewed, and the normal delays inherent in defense counsel's efforts to obtain security clearances are not apparent, this Court may have a further alternative. Defense counsel can seek such renewals, and if these are obtained, they may be able to participate directly in the evaluation of classified documents, before this Court reaches a final decision that all of the identified classified materials must be withheld, in their entirety. This Court is not required to grant the Government an *ex parte* review of its classified documents; CIPA § 4 states merely that "[t]he court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." (emphasis added). In this case, this Court could seek defense counsel's input on these issues by having one or both of them, once renewals are obtained, review classified information that their clearances permit them to see, while simultaneously restricting defense counsel's disclosure of classified information as appropriate through the entry of a proper protective order under CIPA § 3.

The referenced approach will have the advantage of allowing defense counsel to discuss possible defenses, point out directly how certain classified information might represent *Brady* or *Giglio*, or other discoverable information, and then discuss the viability of the above-referenced alternatives – all without any genuine risk of disclosure of classified information. Allowing defense counsel to participate in these discussions directly will also allow defense counsel, if necessary, to argue intelligently on appeal (under seal, if necessary) about any classified information improperly withheld, and explain how that information might have affected the outcome of this case, rather than forcing the appellate courts to guess about these issues or sort

through sealed materials on their own, with no direction on the pertinent issues available from a defense team that is currently left in the dark.

In short, this Court at a minimum should hear from defense counsel directly before issuing a final decision that this classified information, identified by the Government as potentially responsive to Mr. Delaema's discovery requests, is not relevant to any defense Mr. Delaema may raise at trial and need not be disclosed in whole or even in part.

## CONCLUSION

The defense moves this Court for another Pretrial Conference under CIPA § 2, seeking reconsideration of this Court's "Protective Orders" and an opportunity to fully participate in any decision rendered about discovery not produced to the defense. In connection with this motion, the defense also moves this Court to unseal and disclose any and all unclassified portions of the *ex parte* Pretrial Conferences held on July 31, and October 14, 2008, the related Orders, and any unclassified portions of classified documents previously ordered withheld from the defense. *Cf. Aref*, 533 F.3d at 83 (strongly cautioning against sealing judicial documents in their entirety).

This 27th day of January, 2009.

Respectfully submitted,

_____/s/_____
Robert L. Tucker
Assistant Federal Public Defender
625 Indiana Avenue, NW, Suite 550
Washington, DC  20004
(202) 208-7500

_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381
Counsel for Defendant Wesam Al-Delaema