UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | |
| WESAM AL-DELAEMA | ) | NO. 05-CR-337 (PLF) |

## MOTION TO STRIKE SURPLUSAGE FROM COUNTS FOUR AND SIX AND MEMORANDUM OF LAW IN SUPPORT

NOW COMES Defendant Wesam al-Delaema ("Delaema"), by and through undersigned counsel, and files this motion to strike surplusage from Counts Four and Six of the Indictment. In support of this motion, Mr. Delaema makes and shows as follows:

### BACKGROUND

Count Four of the Indictment charges Mr. Delaema "and others known and unknown to the grand jury" with knowingly possessing a firearm, that is, a destructive device, during, in relation to and in furtherance of a crime of violence in or about October 2003, in violation of 18 U.S.C. §§ 924(c)(1)(A)&(B)(ii) and 2. Similarly, Count Six of the Indictment charges Mr. Delaema "and others known and unknown to the grand jury" with knowingly teaching and demonstrating the making and use of an explosive, a destructive device and a weapon of mass destruction, with intent that the teaching and demonstration be used for, and in furtherance of, a federal crime of violence, in violation of 18 U.S.C. §§ 842(p)(2)(A) and 2.

Despite the references in Counts Four and Six to "others known and unknown to the grand jury," neither Count charges a conspiracy. The distinction is significant. Through the language utilized in these charged counts, the Government appears to be improperly attempting

1

to expand the aiding and abetting statute so that it becomes the equivalent of a conspiracy statute. This Court should not permit that expansion. Rather, it should strike the quoted language above from the offending Counts as surplusage, to avoid attendant confusion of the jurors, avert prejudice to the defendant, and promote a fair trial.

In the context of 18 U.S.C. § 924(c) in particular, Congress established a stark distinction between conspiracy and substantive criminal violations. More particularly, the crime of conspiracy to commit a violation of § 924(c) is contained in a wholly separate statute, 18 U.S.C. § 924(o). The penalties established for substantive and conspiracy violations of § 924(c) are quite different. Unlike for substantive violations of § 924(c) – which carry mandatory minimum penalties – Congress established no mandatory minimums at all under § 924(o) for conspiracies to violate § 924(c). Section 924(o) does provide for a maximum penalty of life imprisonment, but it contains no mandatory minimum penalties.

Faced with this reality, the Government has charged Mr. Delaema with conspiracy to violate § 924(c), in a separate Count Five, which properly asserts a violation of § 924(o). In an attempt to insert a 30-year mandatory minimum into this case, however – the only mandatory minimum penalty that exists – the Government also filed its separate offense under Count Four.

The problem that the Government faces with this effort to establish a substantive § 924(c) violation against Mr. Delaema, however, is that it may face factual difficulties of proof at trial in establishing that Mr. Delaema himself ever possessed any destructive devices. As a result, the Government's indictment improperly attempts to expand the law by charging in Count Four that Mr. Delaema "and others" possessed a destructive device. Essentially, the Government is trying in Count Four to expand an aiding and abetting charge into the equivalent of a conspiracy charge (but with mandatory minimum penalties that Congress never authorized for conspiracy). Count

Four adds the classic "others known and unknown to the Grand Jury" language typically seen in conspiracy counts, but it omits any aiding and abetting allegations that would be appropriate to a charge filed under 18 U.S.C. § 2.  For example, Count Four's charging language never says who Mr. Delaema aided and abetted, how he aided and abetted the offense, or even that he aided and abetted the offense.[1]

A similar problem exists in Count Six.  All that is alleged in the body of the indictment is that Mr. Delaema "and others" committed the substantive offenses.

## ARGUMENT AND CITATIONS OF AUTHORITIES

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The charged offenses in Counts Four and Six fail to meet this standard.  While a complete failure to specifically allege aiding and abetting has sometimes been forgiven by federal courts – including this Circuit – the language of Counts Four and Six do not simply omit aiding and abetting language.  They go further and create *affirmative confusion*, by adding unnecessary language traditionally used in conspiracy offenses, thereby conflating the distinctions between these two very separate types of offenses – a distinction that Congress made clear, especially in the § 924 context, that it wants preserved.

Significantly, the charged language of both Counts Four and Six could create serious legal problems at trial, particularly given the applicability of the conjunctive/disjunctive rule, which allows the Government to indict in the conjunctive ("and") and prove in the disjunctive ("or"). *See, e.g., United States v. Brown,* 504 F.3d 99 (D.C. Cir. 2007); *see also United States v. Torres-Romero,* 537 F.3d 1155, 1158 (10th Cir. 2008) ("it is hornbook law that a crime … may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.")  Under

---

[1] Although a summary of Count Four cites to the aiding and abetting statute, and vaguely charges that Mr. Delaema with "Aiding and Abetting and Causing an Act to be Done," it never describes that act.  The material allegations in the body of the indictment itself contain no aiding and abetting language.

this standard rule, Counts Four and Six, as written, would allow a jury to return a guilty verdict at trial on Count Four simply by finding that "others" possessed destructive devices, and on Count Six by finding that "others" taught or demonstrated the making or use of those devices, or based on an intent by these "others" that the teachings or demonstrations be used for and in furtherance of a federal crime of violence. In short, these Counts, as currently written, would allow Mr. Delaema to be improperly convicted at trial based on mere guilt by association, or even no association at all.

Mr. Delaema thus moves this Court to strike, from each of Counts Four and Six of the Indictment, the language "and others, known and unknown to the Grand Jury," in order to prevent the risk of conflation with the conspiracy charges, and to avoid an improper conviction at trial based on mere guilt by association. On motion of the defendant, a court may strike immaterial or irrelevant allegations that may be prejudicial to the defendant. Fed. R. Crim. P. 7(d) & Advisory Committee Note; _United States v. Petrillo_, 332 U.S. 1, 11 (1947) (if allegations are so broad as to include conduct which is not properly criminalized, "the trial court would be free, on motion of the respondent, to strike the particular allegations if they are suplusage"). This Court has wide discretion to strike irrelevant and prejudicial words from an indictment. _United States v. Courtney_, 257 F.2d 944 (2d Cir. 1958), _cert. denied_, 358 U.S. 929 (1959). _See, e.g._, _United States v. Quinn_, 401 F. Supp. 2d 80, 98-99 (D.D.C. 2005) (granting motion to strike indictment's references to terrorism as prejudicial surplusage); _United States v. Cooper_, 384 F. Supp. 2d 958 (D.W.Va. 2005) (granting motion to strike indictment's references to defendant's history of Clean Water Act violations as irrelevant and prejudicial). _See also United States v. Brighton Bldg. & Maint. Co._, 435 F. Supp. 222 (N.D. Ill. 1977), _aff'd_, 598 F.2d 1101 (7th Cir.), _cert. denied_, 444 U.S. 840 (1979) (granting motion to strike the words "at least" and "among

others," as prejudicial surplusage); *Marsh v. United States*, 344 F.2d 317 (5th Cir. 1965) (district court had authority to delete "and other" the two times it appeared in the indictment).

The Government will not be prejudiced by having the requested surplusage stricken. The offending language is unnecessary to the charged offenses, and the Government can still request an aiding and abetting instruction on Counts Four and Six once this language is removed, just as the Government apparently can request an aiding and abetting instruction on any substantive offense, whether charged or not. *See, e.g., United States v. Ellis*, 525 F.3d 960, 963 (10th Cir. 2008). Striking the unnecessary language here is justified, and will place the jury's inquiry in evaluating Counts Four and Six at trial where it properly belongs – on Mr. Delaema's *own* actions and intentions, as a principal or an aider and abettor – and will help to avoid the inherent risks of a jury ignoring the legal distinctions between aiding and abetting and conspiracy.

WHEREFORE, for the foregoing reasons, it is respectfully requested that, to avoid jury confusion and the risk of an improper conviction at trial, this Court should strike as surplusage the phrase "and others, known and unknown to the Grand Jury," from both Counts Four and Six.

Respectfully submitted,

_____/s/_____
Robert L. Tucker
Assistant Federal Public Defender
625 Indiana Avenue, NW, Suite 550
Washington, DC  20004
(202) 208-7500

_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381
Counsel for Defendant Wesam Al-Delaema

5