**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff;** | ) | |
| | ) | |
| v. | ) | **Cr. No. 05-337 (PLF)** |
| | ) | |
| **WESAM AL DELAEMA,** | ) | |
| also known as | ) | |
| **WESAM KHALAF CHAYED** | ) | |
| **DELAEME** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S UNOPPOSED MOTION REQUESTING THE COURT TO ISSUE**
**LETTER ROGATORY TO THE KINGDOM OF THE NETHERLANDS[1]**

Counsel for the defendant, Wesam al-Delaema (Delaema), moves the Court to issue the

---

[1]As was explained in the status hearing earlier this week, in order to reserve available dates with the Dutch Magistrate prior to commencement of trial, the government has agreed that the Court can issue the letter rogatory requesting the depositions at this time even though counsel has not yet filed a Rule 15 motion.  The Dutch prosecutor in charge of this case, M.J. Van Ling, informed counsel at the end of last week that the Dutch Magistrate would set aside April 8 and 9 to take the depositions, but in order to reserve these dates he wanted to have the letter rogatory this week.  The parties understand that the Rule 15 process and the issuance of a letter rogatory to take any depositions that are ordered cannot be accomplished in a week.  The parties have thus agreed to reverse the process and have this Court issue the letter rogatory at this time.  As soon as the Court signs the letter rogatory counsel will forward a copy to Ms. Van Ling, who will presumably give it to the Magistrate so the dates can be saved on his calendar.  As counsel indicates in the last paragraph herein, once the final certifications and authentications are placed on the signed letter rogatory, counsel will deliver them to the appropriate State Department officials who can then officially transmit them.  The defense will then file a Rule 15 motion to take the depositions.  The government reserves its right to oppose any of the depositions after the Rule 15 motion is filed.

attached letter rogatory to the Kingdom of the Netherlands.  *See* Exhibit A.  Counsel seeks to use the letters rogatory process to take the depositions and preserve the testimony for trial of several witnesses whose testimony is necessary for an adequate defense.

The letters rogatory process is available to tribunals in the United States as a method for obtaining evidence in foreign countries or as a means of requesting the assistance of foreign authorities in investigating a pending case in this country.  *See* 28 U.S.C. § 1781(b)(2).  Letters rogatory may be issued by United States District Courts on behalf of defendants in criminal cases.  *See United States v. Trout*, 633 F.Supp. 150 (N.D. Calif. 1985) (criminal defendant allowed to have district court issue letters rogatory to foreign nation in order to secure deposition of foreign witness); *United States v. Korogodsky*, 4 F.Supp. 2d 262 (S.D.N.Y. 1998) (district courts can issue letters rogatory on behalf of defendants in criminal cases).  This Circuit has held that a defendant who unsuccessfully seeks to obtain relevant foreign evidence may not complain that his Sixth Amendment right to compulsory process has been violated if he failed to request that the district court issue a letter rogatory seeking foreign assistance in gathering needed evidence. *United States v. Sensi*, 879 F.2d 888, 899 (D.C. Cir. 1989).  District courts can issue letters rogatory not only to interrogate witnesses, but also to gather documents in foreign nations. *See Societe Nationale Industrielle Aerospatiale v. United States District Court For the Southern District of Iowa*, 482 U.S. 522 (1987).

Here, Mr. Delaema asks the Court to issue the letter rogatory in order to facilitate the taking of depositions in the Netherlands to preserve the testimony of his witnesses for trial in the event they do not voluntarily come to the United States to testify.  As the Court is aware, it has no subpoena power to require non-American witnesses  living in the Netherlands to appear

and testify.  Mr. Delaema intended to call a witness at the suppression hearing who had assured his/her willingness to appear.  Although counsel took the necessary steps to ensure the witness had the necessary travel documents, for reasons beyond counsel's control the witness did not appear.  To avoid a recurrence of this situation at trial, counsel intends to take the depositions of several of his witnesses in the Netherlands.

Authority for issuance of letters rogatory is usually found in 28 U.S.C. § 1781(a)(2), though letters have also been issued pursuant to the "All Writs Acts," 28 U.S.C.  § 1651, as well as other statutory provisions such as Fed. R. Crim. Proc. 15.  The precise procedure varies from country to country. The letters are generally transmitted through diplomatic channels.  Several State Department web sites provide information concerning the process. *See* http://travel.state.gov/law/info/judicial/judicial_683.html.  The letters must be issued under the seal of the court and signed by the judge.  The letters rogatory and accompanying documents must normally also be translated into the official language of the country to which they are being transmitted.  Because English is so widely used in the Netherlands, counsel has not had the proposed letter rogatory translated into Dutch, but will do so later if necessary.  Counsel is aware that the government has submitted similar MLAT requests to the Netherlands in English and the Dutch officials accepted a prior letter rogatory issued by this Court on behalf of Mr. Delaema that was not translated into Dutch.  Counsel has been in frequent contact with the Dutch Consulate and believes that the Dutch government will cooperate with the request.  As set out in note 1, above, counsel has also been in contact with the Dutch prosecutor, M. J. Van Ling (who testified at the suppression hearing) concerning the nature of this request.  As also set out above, Ms. Ling has informed counsel that the official request must, however, come through a letter rogatory

signed by the Court.

Counsel suggests that the signed letter rogatory along with the accompanying certifications and authentications be returned to counsel, who will then deliver them to the appropriate official at the Department of State, from where they will be sent to the U.S. Embassy in Amsterdam for transmittal to the appropriate Dutch Ministry.  Although the appropriate Dutch officials are aware of the defense's request, counsel has included the "time sensitive" language in the proposed order to expedite the transmittal process.  Counsel will also promptly e-mail Ms. Ling a copy of the signed letter rogatory so the final arrangements can be made with the Dutch Magistrate.

Because this Court has already issued a letter rogatory in this case, counsel has not attached samples of the necessary certification and authentications , but can provide them immediately upon request.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


"/s/"
Robert L. Tucker
Assistant Federal Public Defender
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208-7500