**IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR. NO. 05-337 (PLF)** |
| | : | |
| **WESAM AL-DELAEMA,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS

Counsel for the defendant, Wesam al-Delaema, moves the Court for reconsideration of the denial of his motion to dismiss the indictment in this case for lack of jurisdiction.

On 6-2-08, the defendant moved the Court to dismiss the indictment for lack of jurisdiction. R. 36. Applying principles of statutory and treaty construction and citing treaties concerning military occupation as well as principles of international law and the law of war, the defendant argued there was no indication that Congress intended that the domestic criminal code of Title 18 would apply in foreign lands under military occupation of U.S. troops, absent specific notification to the occupied population that complied with the provisions of the Fourth Geneva Convention. The government opposed the defendant's motion. R. 40. The defendant filed a reply on 8/4/08. R. 46. After argument, the Court issued an oral ruling denying the motion to dismiss. Tr. 11-25-08, at 141-148. The primary bases for the Court's ruling was its conclusion that Mr. al-Delaema was not a protected person within the meaning of Article 4 of the Fourth Geneva Convention, *id*., at 143, and that Congress intended the relevant statutes to apply extraterritorially without limitation. *Id*., at 144-147.

Defendant moves the Court to reconsider its ruling in light of the attached Declaration of

Professor David Glazier, a professor of law at Loyola Law School and an expert in the law of war

and specifically that branch dealing with military occupations.  *See* Exhibit A (Declaration);

Exhibit B (*Curriculum Vitae*).[1]  Professor Glazier addresses each of the relevant points, including

Mr. al-Delaema's status as a "protected person" under the Fourth Geneva Convention,  and

concludes that under the circumstances of this case, application of the domestic criminal code of

the United States to Mr. al-Delaema would violate customary international law, the law of war

and the provisions of the Fourth Geneva Convention.  Professor Glazier also notes that despite

numerous military occupations by U.S. forces, some lasting several years, he is "not aware of a

single instance in the United States' 230 plus years of existence in which a foreign national has

been prosecuted in domestic U.S. courts for crimes committed in occupied territory."  Exhibit A,

at 5.[2]

> Respectfully submitted,
>
> A.J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
> _____
> "/s/"
> Robert L. Tucker
> Assistant Federal Public Defender
>
> Gregory Smith
> Counsel for Mr. al-Delaema

---

[1]Counsel will file the original of the signed Declaration upon receipt.

[2]The defendant pointed out in his Reply that "[d]espite a long history of military occupation of foreign countries by U.S. troops, there has been no case cited where offenses committed in occupied foreign lands have been prosecuted in the domestic courts of this country rather than through tribunals or commissions established by the occupier." R. at 14.  And although the government was on notice, it failed to cite any such case during oral argument on the motion.  Nonetheless, in oral argument the Court questioned this proposition and expressed surprise that there would not have been such a case during a lengthy occupation such as that of West Berlin and West Germany.  Tr. 11-25-08, at 45.  Professor Glazier's Declaration lends further support to the defendant's assertion of the lack of any such precedent.