UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION** |
| | ) | |
| **WESAM AL-DELAEMA** | ) | **NO. 05-CR-337 (PLF)** |

## MOTION TO DISMISS COUNT FOUR

NOW COMES Defendant WESAM AL-DELAEMA, by and through undersigned counsel, and moves this Court to dismiss Count Four of the Indictment, on the ground that it fails to allege a valid criminal offense, and pursuant to the rule of lenity.

### OVERVIEW

Count Four charges Mr. Delaema with possessing a destructive device during a crime of violence, in violation of 18 U.S.C. § 924(c).[1] Count Four then specifies three separate alleged "crimes of violence":

- "conspiracy to murder a United States national outside the United States, as set forth in Count One of this Indictment"

- "conspiracy to use a weapon of mass destruction, as set forth in Count Two of this Indictment, and"

- "conspiracy to maliciously damage or destroy U.S. government property by means of an explosive, as set forth in Count Three of this Indictment."

In other words, all the predicate offenses specified in Count Four involve alleged conspiracies.

---

[1] Count Four also alleges that Mr. Delaema aided and abetted this offense, in violation of 18 U.S.C. § 2.

1

## ARGUMENT AND CITATIONS OF AUTHORITIES

Section 924(c), which in Mr. Delaema's case would require a 30-year mandatory minimum penalty if he is convicted under Count Four, states in pertinent part as follows:

(c)(1)(A) ... [A]ny person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -- ... be sentenced to a term of imprisonment of not less than 5 years.

(B)  If the firearm possessed by a person convicted of a violation of this subsection -- ... is a ... destructive device, ... the person shall be sentenced to a term of imprisonment of not less than 30 years.

The terms "crime of violence" and "drug trafficking crime" are then defined in 18 U.S.C. § 924(c)(2) & (3).  As the first of these provisions make clear, a drug conspiracy can clearly serve as a predicate offense under § 924(c), since "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act."  For a "crime of violence," however, the definition is very different, and considerably narrower.

Section 924(c)(3) provides as follows:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In other words, while 18 U.S.C. § 924(c)(3) does specifically encompass within its definition "attempt" crimes, nowhere does the statutory language specify that Title 18 conspiracies are to be included as valid predicate offenses.

The statutory language of the first of these subsections, § 924(c)(3)(A), is plainly inapplicable to conspiracy offenses. That provision requires that certain types of specified conduct – use, attempted use, or threatened use of physical force – be an "element" of the offense. It is axiomatic that none of these are "elements" of a conspiracy offense. Conspiracy in the context of Title 18 requires proof (1) that a conspiracy existed (an agreement between two or more persons to accomplish some unlawful purpose, or a lawful purpose by unlawful means), (2) that the defendant knowingly and intentionally became a member of that conspiracy, and (3) that one or more of the people involved in the conspiracy performed a specified "overt act" for the purpose of carrying out that conspiracy. *See* Criminal Jury Instructions for the District of Columbia, Instruction No. 4.93 (Conspiracy: Basic Instruction). *See also United States v. Dale*, 991 F.2d 819, 851 (D.C. Cir. 1993) (affirming district court's use of the basic pattern instruction on conspiracy from this source). *See also United States v. Gregg*, 47 Fed. Appx. 1, 2002 U.S. App. LEXIS 19866 (2002) (affirming jury instruction for conspiracy).

The Government is not required to prove that the object of the conspiracy was achieved in order to obtain a conviction for conspiracy. A conspirator need not know all the details of the crime or even all of the other conspirators. And the overt act – which can be done by someone other than the defendant – need not be illegal or even wrongful in itself. Most importantly, the statute does not require amy jury finding that there was a use of physical force, attempt to use physical force, or threat of physical force. Accordingly, § 924(c)(3)(A)'s listed activities are not "elements" of the listed conspiracy offenses, and conspiracy offenses do not qualify as crimes of violence under § 924(c)(3)(A).

Under § 924(c)(3)'s subsection (B), however, a charged offense might still represent a "crime of violence" if it is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Again, however, the charged offense must be one that "by its nature" involves the required "subtantial" risk in order to qualify as a "crime of violence."

A conspiracy offense, "by its nature," does not involve such risks. As general hornbook law (and DC's pattern jury instructions cited above) make clear, the Government is never required to prove that the objective of a conspiracy was achieved. Indeed, the Government does not even need to prove that the objective of the conspiracy was probable, plausible, or likely to succeed. Stated differently, there may be no real risk at all that physical force will actually be used in the course of committing a conspiracy offense. But that does not prevent the Government from prosecuting a conspirator in that context, and does not prevent the Government from obtaining a conviction for conspiracy. Accordingly, it simply cannot be said that a conspiracy offense "by its nature" involves such risks. Indeed, conspiracies are the natural offenses that the Government often relies upon for its prosecutions *when no such risks exist.*

Nevertheless, the defense acknowledges that, based on this definition in § 924(c)(3)(B), a number of Circuit courts have held that conspiracy offenses can constitute "crimes of violence." While the D.C. Circuit does not appear to have ever directly addressed this issue, the Ninth Circuit ruled in the Government's favor in *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993), and noted how several other Circuits had ruled similarly. *See id.* at 1491-92 (citing other Circuits' holdings "that conspiracy to commit a crime of violence is a 'crime of violence' under the substantial risk definition of § 924(c)(3)(B).").

Recently, however, the Tenth Circuit addressed a similar issue in *United States v. Fell*, 511 F.3d 1035 (10th Cir. 2007).  In that case, the Tenth Circuit was faced with an analogous situation, which it described as follows:

> [The district] court read [*United States v.*] *Brown*[, 200 F.3d 700 (10th Cir. 1999)] to stand for the proposition that conspiracy to commit any substantive offense that is a violent felony under §924(e)(1) is itself a violent felony if an overt act in furthernace of the substantive crime is an element of the applicable conspiracy statute.  Consistent with this interpretation, the district court concluded that Fell's conviction for conspiracy to commit second degree burglary is a violent felony because it categorially presents the same potential risk of physical injury to others as burglary, an enumerated violent felony and the substantive crime toward which the overt act was directed.

In other words, because the substantive offense of burglary was undeniably a violent felony, the district court held that this meant that a conspiracy to commit that same burglary met the necessary standard, due to its similar risk of physical injury.  The Tenth Circuit panel – which included Chief Judge/former U.S. Sentencing Commissioner Tacha – unanimously reversed.

The Tenth Circuit in *Fell* noted how "the Supreme Court has recently provided the federal courts with a new framework applicable to the question of whether a prior conviction for an inchoate crime qualifies as a violent felony under the [Armed Career Criminal Act]."[2]  In *Fell*, the Tenth Circuit then applied this "new framework," noting how:

> The language of the Colorado conspiracy statute [under review in that case] only states that act must be committed in furtherance of the ultimate objective of the conspiracy.  The recommended definition of the term 'overt act' clarifies it is not invariably an

---

[2]  The pertinent language of the Armed Career Criminal Act is similar to § 924(c)(3)(A)&(B).  It labels as a "violent felony" any offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).  Its delineation of specific offenses such as crimes that "involve[] use of explosives" is absent from § 924(c)(3)(A)&(B).

illegal act; it can be wholly lawful if committed apart from the conspiracy."

As noted above, the same is true of the conspiracy charges against Mr. Delaema.

The *Fell* Court then summarized the pertinent issue to be resolved there:

This appeal, therefore, presents the very question the Supreme Court deemed unnecessary to resolve in *James*[ *v. United States*, 550 U.S. 192 (2007)] i.e., whether a conviction for an inchoate crime encompassing preparatory conduct is a violent felony.

After reviewing the context of the conspiracy statute at issue in that case, the Tenth Circuit declared that the necessary risk of physical injury had not been established:

[A]n increase in the indeterminate and unquantified theoretical probability the burglary will be committed fails to elevate the potential risk of physical harm posed by conspiracy to commit second degree burglary to a level comparable to the risk posed by the commission of the enumerated crime of burglary.... [M]any overt acts sufficient to sustain a Colorado conspiracy conviction create no risk of a violent confrontation....

[W]e cannot conclude this elevated risk to society [from conspiracies generally] is comparable to the risk of physical harm to others inherent in the enumerated crime of burglary. The increased criminal activity will often consist only of more elaborate and otherwise lawful preparatory acts, none of which place the conspirators anywhere near the vicinity of the targeted building, or will involve tangential criminal acts that, while unlawful, present no potential risk of physical harm to other persons. For these reasons, we conclude *the potential risk of physical harm associated with the Colorado crime of conspiracy to commit second degree burglary is not comparable to the risk associated with the completed crime of burglary.*

(emphasis added).

The older decisions referenced in *Mendez* thus do not resolve the issue after *Fells*, particularly under this "new framework" laid out by the Supreme Court and identified by the Tenth Circuit. Indeed, just in the past few years, the Supreme Court has reversed and remanded

– on three separate occasions – government claims that an enumerated statute constituted a "crime of violence" or "violent felony" under pertinent laws. *See, e.g., Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004) (conviction for DUI "and causing serious bodily injury" held not a "crime of violence"; Court notes that 18 U.S.C. § 16[3] and its definition's emphasis on physical force "suggests a [more limited] category of violent, active crimes"); *Begay v. United States*, 128 S. Ct. 1581 (2008) (DUIs do not fall within the second clause of 18 U.S.C. § 924(e)(2)(B), since a qualifying statute must involve purposeful, "violent" and "aggressive" conduct); *Chambers v. United States*, 129 S. Ct. 687 (2009) (failure to report for penal confinement is not a crime of violence, since it is "a far cry from the 'purposeful, violent and aggressive' conduct" needed).

In a footnote to his dissent in this *Chambers* decision issued last month, Justice Alito lamented the lower courts' conflicting categorization of statutes as violent or non-violent, which he said "has created numerous splits among the lower federal courts, the resolution of which could occupy this Court for years." *Id.*, at 694-95 (Alito, J., dissenting). He cited numerous published decisions revealing continued divisions on a wide variety of crime types – commission of rape, retaliation against a government officer, attempt or conspiracy to commit burglary, carring a concealed weapon, possession of a sawed-off shotgun as a felon, and unauthorized use of a motor vehicle – with some courts declaring them violent felonies, and others not. *Id.* at 694 n.2 (Alito, J., dissenting). Because of his view that the "violent felony" definition had lost any real sense of clarity, he said that "the only tenable long-term solution is for Congress to formulate a specific list of expressly defined crimes." *Id.* at 695 (Alito, J., dissenting).

---

[3]   Section 16's definition of a crime of violence appears to mirror 18 U.S.C. § 924(c)(3)'s definition.

In short, the law in this area is far from settled, and the division of legal authority on what qualifies under these statutory definitions only seems to be widening.

Against this backdrop, this Court must evaluate whether Mr. Delaema's conspiracy offenses qualify as crimes of violence under 18 U.S.C. § 924(c)(3). Congress, of course, could have specified that it wanted Title 18 conspiracy offenses included in the definition of "crimes of violence" under 18 U.S.C. § 924(c), but it did not. The fact that Congress defined "drug trafficking crimes" in § 924(c)(2) broadly enough to clearly encompass all felony drug conspiracies, yet did not include similar sweeping language in § 924(c)(3), is significant. The fact that Congress specifically listed "attempt" crimes, yet did not list conspiracies, in § 924(c)(3)(A), is also significant. This statute – 18 U.S.C. § 924 – is decidedly not an area of the law in which this Court can somehow assume Congressional intent to lump conspiracy offenses together with substantive crimes and attempts. As previously noted in Defendant's Motion to Strike Surplusage, Congress specifically penalized conspiracies in the context of 18 U.S.C. § 924 very differently than its substantive offenses. While § 924(c) requires severe, consecutive mandatory minimum penalties for actual "possession" of a firearm during a crime of violence, a conspiracy to possess that same firearm during a crime of violence is separately covered by § 922(o), which provides for no mandatory minimum punishments at all.

More importantly, the pertinent issue here – in the context of Mr. Delaema's actual charged offense – is almost identical to the question before the Tenth Circuit in *Fells*: whether a conviction for an inchoate crime encompassing preparatory conduct is a crime of violence.

In the Indictment filed against Mr. Delaema, the first of the listed overt acts is simply that "[i]n or about October 2003, defendant Delaema traveled from the Netherlands to an area in or

around Fallujah, Iraq." Indictment, Count One, ¶ 4a. Thus, under the law of conspiracy, that one overt act – clearly involving mere preparatory conduct – could suffice to support a conspiracy conviction. *Cf. United States v. Kennedy*, 133 F.3d 53, 57 (D.C. Cir. 1998) ("the district court was entitled to look at the indictment or jury instructions to determine whether the charged crime was 'by its nature' a crime of violence pursuant to § 924(c)(3)(B)").

In other words, Mr. Delaema's alleged joining of a conspiracy, even if combined with the fact that he traveled to Iraq, represents a charge of mere preparatory conduct. Even if proven, this charged offense would not represent a crime that "*by its nature*, involves a substantial risk that physical force against the person or property of another may be used." Perhaps in some other case involving a charged conspiracy to commit these same statutes, a charged offense might rise to the level of a crime of violence under § 924(c)(3), if this Court determines that conspiracies can qualify generally under that statute. But that is not this case. This is a case in which the Indictment allows for a conviction based on mere preparatory conduct, and by analogy to *Fells*, that simply is not enough to meet the statutory definition of a crime of violence.

A recent D.C. Circuit opinion strongly supports this analysis. In *In re Sealed Case*, 548 F.3d 1085 (D.C. Cir. 2008), Judge Tatel recently declared that a defendant's prior conviction for *robbery* did not qualify as a "crime of violence" for career offender purposes. This was not because robberies are inherently nonviolent crimes; the Court acknowledged that *certain* convictions under D.C.'s robbery statute are capable of qualifying as crimes of violence. But the D.C. Circuit also noted that the criminal information that had been filed against the defendant could give rise to either violent or nonviolent forms of robbery, and that it was necessary for the court to examine the charging document and prior plea colloquy, to determine if the defendant

9

had in fact pled guilty to a crime of violence. The D.C. Circuit clarified: "the question is not what appellant *probably* pled to, but what he *necessarily* pled to." *Id.* at 1091. *See also id.* at 1092 ("we must decide not whether appellant in fact pled guilty to nonviolent robbery, but whether he *could have* under the information") (emphasis in originals). Because the information to which the defendant had pled guilty left open the possibility that he had pled to a non-violent form of robbery, the D.C. Circuit declared that the offense could not qualify as a crime of violence. The same is true in the instant case, where the Indictment authorizes Mr. Delaema to be convicted of conspiracy based on inchoate crimes predicated on mere preparatory conduct that does not, "by its nature," involve a substantial risk that physical force may be used.

At a minimum, the question of whether the charged conspiracies fall within the definition of § 924(c)(3)'s definition is fairly debatable, and sufficient ambiguity exists for this Court to resolve the issue in Mr. Delaema's favor under the rule of lenity. *Cf. Leocal*, 543 U.S. at 11 n.8 (noting how Court would have had to apply the rule of lenity to interpret the definition of "crime of violence" in petitioner's favor if he had not already won on other grounds).

The Supreme Court has not hesitated to apply the rule of lenity when statutory ambiguity exists. *See, e.g., Castillo v. United States*, 530 U.S. 120, 131 (2000) (citing *Staples v. United States*, 511 U.S. 619 n.17 (1994) (rule of lenity requires that ambiguous criminal statutes be construed in favor of accused); *United States v. Granderson*, 511 U.S. 39, 54 (1994) (same)). *See also United States v. Thompson/Center Arms Co*, 504 U.S. 505, 518 (1992); *Hughey v. United States*, 495 U.S. 411, 422 (1990); *Crandon v. United States*, 404 U.S. 152, 168 (1990); *United States v. Kominski*, 487 U.S. 931, 952 (1988); *Tanner v. United States*, 483 U.S. 107, 131 (1987); *Liparota v. United States*, 471 U.S. 419, 427-28 (1985); *Williams v. United States*, 458

U.S. 279, 290 (1982); *Bifulco v. United States*, 447 U.S. 381, 387 & 400-01 (1980); *Busic v. United States*, 446 U.S. 398, 406-08 (1980); *Whalen v. United States*, 445 U.S. 684, 694 (1980).

The rule of lenity is "rooted in the instinctive distaste against men languishing in prison unless the lawmaker has clearly said that they should." *United States v. R.L.C.*, 503 U.S. 291, 305 (1992). Here, where the "languishing" would extend for at least 30 years – one of the harshest mandatory minimum statutes in the entire U.S. Criminal Code – this Court should strictly construe the statute in Mr. Delaema's favor, and dismiss Count Four, since § 924(c)(3)'s statutory language does not unambiguously and clearly include predicate offenses that involve inchoate crimes encompassing preparatory conduct.

Applying the rule of lenity here would also serve its recognized purpose of minimizing risks of selective or arbitrary enforcement. *United States v. Kozminski*, 487 U.S. 931, 952 (1988). An example of the potential problems inherent in an expansive reading of § 924(c)(3)'s definition can be seen in the instant Indictment. The second of the listed predicates in Count Four, for example, involves an alleged "conspiracy to use a weapon of mass destruction, as set forth in Count Two of this Indictment." But as Count Two itself states, this "weapon of mass destruction" is simply a "destructive device," charged as a violation of 18 U.S.C. § 2332a(a)(1) & (3). *See also* 18 U.S.C. § 2332a(c)(2) ("weapon of mass destruction" includes "any destructive device as defined in section 921 of this title."). In other words, what Count Four is actually charging, through its second predicate offense, is that in October 2003, Mr. Delaema possessed a "firearm" (defined as a destructive device – the alleged IEDs) during a conspiracy, also in October 2003, to use a "weapon of mass destruction" (also defined as a destructive device – the same alleged IEDs).

11

This circular charge – possessing IEDs during a conspiracy to use the same IEDs – is the result of creative pleading, and is unlikely to be what Congress had in mind when it created a separate statute (§ 924(c)) so severe that it will require this Court to impose a 30-year mandatory minimum penalty.  Section 2332a, first passed in 1994, already criminalizes and severely punishes (but without mandatory minimums) the actual use of a weapon of mass destruction in this context.  That penalty structure would be undermined if prosecutors were able to restrict this Court's sentencing options through creative pleading devices, via a statute (18 U.S.C. § 924(c)) first passed in 1968.  And in any event, allowing such disparate treatment will raise the very concerns cited in _Kozminski_, with prosecutors allowed to impose huge mandatory sentences and eliminate judicial sentencing discretion based on artful pleading that could also be manipulated in a variety of other criminal contexts.  Section 924(c)(3)'s definition does not require this result, and there is no indication Congress intended for § 924(c) to be interpreted in this strange and severe manner, based on an activity that is essentially serving as a predicate offense for itself.

If this Court dismisses Count Four and Mr. Delaema is convicted of the remaining counts, the Government will remain free to argue for all the prison time that the facts will bear. Most of the remaining counts carry a maximum sentence of life imprisonment, and the Sentencing Guidelines applicable to most of these sentences will suggest a significant presumptive penalty.  But the ultimate sentence given to Mr. Delaema, if he is convicted, will turn on whether the sentence is just, not on a mandatory penalty imposed on the Court automatically.

In sum, nothing in the statutory language of § 924(c)(3)'s definition of a "crime of violence" requires that it include conspiracy offenses – particularly in the context of the specific

predicate conspiracies alleged in this Indictment, which involve mere inchoate offenses charging mere preparatory conduct. Allowing this charge to proceed would only create illogical and untenable results. At a minimum, there is statutory ambiguity as to whether § 924(c)(3)'s definition of a crime of violence necessarily includes the conspiracy offenses with which Mr. Delaema has been charged, and the issue should be resolved in Mr. Delaema's favor under the rule of lenity.

WHEREFORE, for the foregoing reasons, Defendant Wesam al-Delaema moves this Court to dismiss Count Four of the Indictment against him.

Respectfully submitted,

_____/s/_____
Robert L. Tucker
Assistant Federal Public Defender
625 Indiana Avenue, NW, Suite 550
Washington, DC  20004
(202) 208-7500

_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

Counsel for Defendant Wesam Al-Delaema