UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      )

                      )

       v.              )        CRIMINAL ACTION

                      )

WESAM AL-DELAEMA        )        NO. 05-CR-337 (PLF)

## MOTION FOR NOTICE OF ANY ELECTRONIC SURVEILLANCE UNDER THE "TERRORIST SURVEILLANCE PROGRAM"

NOW COMES Defendant WESAM AL-DELAEMA ("Delaema"), by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 12(b)(4), files this motion to direct the Government to conduct specific due diligence, which should include thorough inquiries posed to the National Security Agency, to determine whether the U.S. Government has conducted any electronic surveillance of Mr. Delaema pursuant to the so-called Terrorist Surveillance Program (TSP), and without obtaining pre-approvals from the court established by the Foreign Intelligence Surveillance Act (FISA), so that the defense can raise objections as warranted.

Under FISA, electronic surveillance conducted for intelligence purposes is supposed to be conducted only with FISA Court approval. 50 U.S.C. § 1801, *et seq.* As first revealed by the *New York Times* in December 2005, however, and as later confirmed by the George W. Bush Administration, the U.S. Government engaged for several years in electronic surveillance outside of the statutory framework established by FISA. These activities, which involved electronic surveillance admittedly conducted without prior FISA court approval, were later publicly justified in part based on claims of Article II power of the "unitary Executive" to ignore the Congressional mandates enacted into law by FISA. There is no real dispute any longer that

1

electronic surveillance was gathered pursuant the TSP, and outside of the oversight or approval process of the FISA Court, during a lengthy period of time including at least 2002-05. The legality of the TSP's electronic surveillance program has been criticized by many, if not most major legal scholars, and if any such surveillance occurred on Mr. Delaema that contributed to this investigation, he is entitled to bring a related suppression challenge.

There are significant reasons to believe that TSP electronic surveillance may have been utilized against Mr. Delaema. The TSP program was undeniably in place and being used by the U.S. Government (though apparently hidden from the FISA Court, most of Congress, and the general public), during the key periods of time that are relevant to this case, which involves an alleged conspiracy from 2003-05. Moreover, it is clear that the impetus for Mr. Delaema's criminal investigation by Dutch law enforcement authorities came from information they received about the Nicholas Berg investigation – which Dutch police received not from other law enforcement sources, but from Dutch intelligence sources – including not only the Dutch civilian intelligence agency, but also the Dutch military intelligence agency. It is quite possible, if not probable, that these Dutch intelligence agencies would have received this information from American intelligence sources, given that the subject of the original investigation was the highly-publicized murder of a U.S. journalist working for the *Wall Street Journal*. The National Security Agency, as an arm of the U.S. Department of Defense and as the leading source of American signals intelligence overseas, was the agency running the TSP during these same periods of time, and was likely engaging in evidence sharing with Dutch intelligence officials. After the Dutch investigation began, U.S. officials were also asked to perform various searches

2

of telephone numbers and emails, including phone numbers and email accounts supposedly linked to Mr. Delaema. Yet none of this information has been disclosed to date.[1]

Mr. Delaema's counsel has previously requested in discovery demands all electronic surveillance conducted on Mr. Delaema. The Government has specifically refused to produce any information concerning the information gathering conducted by U.S. officials in response to the Dutch inquiries, however, claiming that this information was not relevant to the defendant's joint venture theory of suppression. But Mr. Delaema is also entitled to seek suppression based on a claim that U.S. officials, not just Dutch officials, violated U.S. laws. Indeed, to the extent that the information that prompted the Dutch investigation derived from U.S. foreign intelligence collection obtained under the TSP, the entire Dutch investigation would be suppressible as a "fruit of the poisonous tree" of illegal U.S. surveillance activities.

Mr. Delaema is entitled to raise a valid claim of suppression if it exists. He cannot, however, raise a suppression challenge if the Government withholds the information necessary for him to know of his right to assert it. The defense understands that, in conducting ordinary due diligence, the Government may not typically reach out to seek information in the hands of the NSA, which is an intelligence agency acting under the Department of Defense, rather than a law enforcement agency subject to the Department of Justice. The defense nevertheless believes that the Government has an obligation to reveal any information that might be material to the defense that would support a claim of suppression – including information under the possession, custody and control of a U.S. Government intelligence agency, particularly in a post-9/11

---

[1] During a suppression hearing held October 24, 2008, FBI Special Agent John Patarini stated that, upon receiving Dutch requests, "[w]e run the phone numbers through a series of databases looking for connections to individuals of interest." (Tr. at 23). This sounds like the type of database that would likely be compiled with NSA signals intelligence, but the Government objected to any further disclosures, expressing concern about "where this is going," and claiming that this information was sensitive if not classified, and irrelevant to a joint venture theory of suppression. (Tr. at 22-27).

"information-sharing" environment. The defense therefore makes this targeted request in this case, where it is clear and undisputed that this investigation was initiated following, and as a result of, receipt of information about Nicholas Berg by Dutch intelligence authorities. The defense seeks the Court's assistance, if necessary, in assuring that such due diligence is pursued.

Following defense counsel's CIPA Pretrial Conference yesterday, Robert L. Tucker contacted Assistant United States Attorneys Rachel Lieber to ask if the prosecution had inquired of the NSA whether the defendant had been surveilled under the TSP. Ms. Lieber said she would check, but then called back to say, "That is not a question we can answer."

If the TSP was used to conduct any electronic surveillance on Mr. Delaema, he is entitled to challenge its seizure, and to seek to suppress all fruits thereof – including a Dutch investigation that used such information to obtain most of the wiretaps, surveillance, and other evidence against him. If the NSA provided the Nicholas Berg information to Dutch intelligence authorities, its internal records would likely show that. To date, the only inquiry in this area has been to ask Dutch law enforcement officials if they knew the source of the original information their intelligence agencies received.[2] But that is only one side of the equation. To the extent that U.S. intelligence was the source of that information, the answer to this important question should be found in documents that are within the Government's own possession, custody and control.

It is also worth noting that Mr. Delaema's phone that was the subject of Dutch wiretaps, used the service T-Mobile, raising the possibility that even his foreign-foreign communications could have been processed by, or passed through, switches located on U.S. soil, which thus could have been subject to FISA's restrictions if intercepted within the U.S.

---

[2] At a suppression hearing held October 23, 2008, Kees Verberg initially indicated that it was not his understanding that the information provided to Dutch intelligence agencies had been provided by the United States (Tr. at 39). But he later acknowledged an entry in his case notes, stating that "the start information of MIVD and CIE [the two Dutch military and civilian intelligence agencies] was apparently provided from America." (Tr. at 40).

The defense understands that any information about the TSP is likely classified, and that the Government's disclosure of any information it obtains on TSP surveillance of the defendant may need to be submitted to the Court *in camera*, for review under the Classified Information Procedures Act (CIPA). Mr. Delaema will work within that system to assure that any necessary protections are preserved. But at a minimum, the Government should be ordered to conduct specific inquiries of the NSA, to determine if its records reveal that electronic surveillance of this defendant, and/or the communication of Nicholas Berg-related information to Dutch intelligence authorities, prior to the initiation of Mr. Delaema's criminal investigation by Dutch authorities.

WHEREFORE, the defense requests that the requested relief be granted.

Respectfully submitted,

_____/s/_____
Robert L. Tucker
Assistant Federal Public Defender
625 Indiana Avenue, NW, Suite 550
Washington, DC 20004
(202) 208-7500


_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381
Counsel for Defendant Wesam Al-Delaema