

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St , N W*
*Washington, D.C  20530*

February 20, 2009

<u>Via E-Mail</u>

A.J. Kramer, Esq.
Federal Public Defender
Federal Public Defender Service
625 Indiana Avenue, N.W.
Washington, D.C.  20004

Gregory S. Smith, Esq.
1627 I Street, N.W., Suite 1100
Washington, D.C.  20006

**FILED**

FEB 2 6 2009

Clerk, U.S. District and
Bankruptcy Courts

> Re:   *United States v. Wesam al Delaema, a.k.a, Wesam Khalaf Chayed Delaeme*
>        *U.S. District Court Crim. No. 05-337 (PLF) and*
>        *D.C. Superior Court No.* 2008-CF-227146

Dear Mr. Kramer and Mr. Smith:

This letter confirms the agreement between your client, **Wesam al Delaema, a.k.a., Wesam Khalaf Chayed Delaeme**, and the Office of the United States Attorney for the District of Columbia and the National Security Division of the United States Department of Justice (hereinafter collectively referred to as "the Government" or "the United States"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Because of the nature of the charges involved in this plea agreement, this plea cannot take effect until and unless authorization is received from the Assistant Attorney General of the National Security Division of the United States Department of Justice. Upon receipt of such authorization from the Assistant Attorney General and upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>**Charges and Statutory Penalties**</u>:

1.      Your client, **Wesam al Delaema**, agrees to admit guilt and enter a plea of guilty to Count One in the pending indictment in U.S. District Court Criminal Case No. 05-337 (PLF), charging him with Conspiracy to Murder United States Nationals Outside the United States, in violation of 18 U.S.C. § 2332(b)(2). Your client understands that pursuant to 18 U.S.C. § 2332(b)(2), the charge carries a penalty of up to life imprisonment and a fine of up to $ 250,000, or both. He also agrees to plead guilty to Count Two in the pending indictment in D.C. Superior Court No. 2008-CF-227146, charging him with Aggravated Assault, in violation of D.C. Code § 22-404.01. Your client understands that pursuant to D.C. Code § 22-404.01(b), the charge carries a penalty of up to 10 years of imprisonment, and a fine of up to $10,000, or both. Your client further understands that, in D.C. Superior Court No. 2008-CF-227146, pursuant to D.C. Code § 16-711, the Court may order your client to make reasonable restitution or reparation to the victim of the offense to which he is pleading guilty in that matter. In addition, your client agrees to pay special assessments of $100 per felony conviction to the Clerks of the United States District Court for the District of Columbia and the Superior Court of the District of Columbia prior to the date of sentencing.

<u>**Recommendation as to Appropriate Sentence**</u>

2.      Your client and the Government agree that a sentence of 25 years is the appropriate sentence for the offense of Conspiracy to Murder United States Nationals Outside the United States, to which your client is pleading guilty in U.S. District Court Criminal Case No. 05-337 (PLF). Your client and the government further agree that a sentence of 18 months is the appropriate sentence for the offense of Aggravated Assault, to which your client is pleading guilty in case number D.C. Superior Court No. 2008-CF-227146. In light of your client's financial condition, the parties further agree that no fine should be imposed on your client. The parties finally agree that these sentences should run concurrently to each other. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and Rule 11(e)(1)(C) of the Superior Court Rules of Criminal Procedure, to present this plea agreement between the parties to Judges Friedman and Morin for their approval.

3.      If Judge Friedman accepts the plea agreement and the 25-year sentence concurrent to the Superior Court sentence, and Judge Morin accepts the plea agreement and the 18-month sentence concurrent to the District Court sentence, then the Courts will embody in their respective judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure and Rule 11(e)(4) of the Superior Court Rules of Criminal Procedure. The parties understand, however, in light of other factors, that either Judge Friedman or Judge Morin, or both, may not agree that such sentences are appropriate and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure and Rule 11(e)(5) of the Superior Court Rules of Criminal Procedure. Your client understands that if this happens, Judge Friedman, in accordance with the requirements of Rule 11(c)(5), and Judge Morin, in accordance with the requirements of Rule 11(e)(5), will inform the parties of his rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists

in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. Your client further understands that if either Court rejects either plea, both your client and the Government have the right to withdraw from the agreement in its entirety and to be freed from all obligations under the agreement.

### Factual Stipulation

4.      Your client agrees that the attached "Statement of the Offense" for each offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearings, your client will sign each respective "Statement of the Offense" as a written proffer of evidence and will adopt under oath each respective "Statement of the Offense" at the appropriate plea hearing.

### Detention Pending Sentencing

5.      Your client agrees not to object to the Government's recommendation to Judge Friedman at the time of the plea of guilty in U.S. District Court Criminal Case No. 05-337 (PLF) that, pursuant to Title 18, United States Code, Section 3143, your client be detained without bond pending your client's sentencing in this case. The parties agree not to seek a change of your client's bond status in D.C. Superior Court No. 2008-CF-227146.

### Waiver and Reservation of Rights

6.      Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to be protected from compelled self-incrimination, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. Your client understands that, by pleading guilty, your client is waiving each of these rights.

7.      The Government understands, however, that under Fed. R. Crim. P. 11(a)(2), your client is entering a conditional plea of guilty, and specifically reserves the right to appeal Judge Friedman's denial of his motion to dismiss the indictment on the ground of lack of jurisdiction, as set forth in the Court's oral ruling on the pretrial motions, November 25, 2008 (11/25/08-TR, 141-148). Your client agrees to dismiss his pending motion to reconsider the denial of his motion to dismiss, but in so doing does not waive any arguments he has proffered in support of the motion to dismiss. The parties agree that the Declaration of Professor David Glazier, which defendant filed in support of his motion to reconsider, will remain part of the record.

## Reservation of Allocution

8.      Your client understands that, subject to the provisions of paragraph two of this Plea Agreement, the United States reserves its full right of allocution for purposes of sentencing in this matter, including for purposes of supporting the appropriateness of the sentences agreed upon by the parties under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and Rule 11(e)(1)(C) of the Superior Court Rules of Criminal Procedure, prior to Judge Friedman's and Judge Morin's respective determinations whether to accept or reject the plea agreement under Rules 11(c)(4) and (5) of the Federal Rules of Criminal Procedure and under Rules 11(e)(4) and (5) of the Superior Court Rules of Criminal Procedure. In particular, the United States reserves the right to describe fully, both orally and in writing, to the respective courts the nature and seriousness of your client's offenses and any relevant conduct. The United States also reserves the right to inform the presentence report writers and the courts of any relevant facts, to dispute any factual inaccuracies in the presentence reports, and to contest any matters not provided for in this plea agreement. Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter.

## Dismissal of Remaining Counts

9.      The Government will request that Judges Friedman and Morin dismiss the remaining counts of the respective indictments in these cases at the time of sentencing. Your client agrees and acknowledges that, with respect to any and all dismissed charges, such charges were based in fact and your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

## Interpreter

10.     Your client agrees that if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

## Sentence to be Served in the Netherlands

11.     Pursuant to the request from the United States to the Netherlands to extradite your client in U.S. District Court Criminal Case No. 05-337 (PLF), upon your client's conviction and sentencing in that matter, should your client apply to serve his sentence in the Netherlands, the Government will not oppose your client's transfer for such a purpose. Under this Plea Agreement, should your client apply to serve his sentence in D.C. Superior Court No. 2008-CF-227146 in the Netherlands, the Government likewise will not oppose your client's transfer for such a purpose.

12. If your client applies to serve his sentences in both case number 05-337 (PLF) and 2008-CF-227146 in the Netherlands, upon your client's conviction and sentencing in both cases, the Government agrees to take all reasonable steps within the power of the United States Attorney's Office and the National Security Division of the Department of Justice to expedite your client's transfer back to the Netherlands. Such steps include, but are not limited to, asking Judge Friedman and Judge Morin to recommend to the Bureau of Prisons (hereinafter "BOP") that your client be sent to M.C.C. New York, or similar BOP transfer facility immediately upon sentencing. Your client understands, however, that the BOP has the final authority to designate the appropriate facility for your client's imprisonment while he is awaiting transfer back to the Netherlands. Further, the Government will request that the International Prisoner Transfer Unit of the Department of Justice begin a prompt processing of your client's request, which we understand he will file immediately upon his pleas of guilty in these cases. The Government also agrees that it will not oppose a request by your client to waive the extraterritorial aspects of the pre-sentence investigation, in order to expedite the transfer.

13. The parties understand that your client will be re-sentenced by a judge in the Netherlands upon his return to that country. Other than to respond to requests for evidence or information by the Dutch authorities, the United States agrees that it will not otherwise attempt to participate in the Dutch resentencing proceedings by way of allocution, if allowed, or through communication to any judicial officer any position of the United States concerning the resentencing of your client.

**Breach of Agreement**

14. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement, or after entry of this Agreement, including your client's statements made during proceedings before either Judge Friedman pursuant to Rule 11 of the Federal Rules of Criminal Procedure or before Judge Morin pursuant to Rule 11 of the Superior Court Rules of Criminal Procedure.

15. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 and Rule 11(e)(6) of the Superior Court Rules of Criminal Procedure, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

16.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

17.     Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

18.     It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Waiver of Right to DNA Testing

19.     By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600 or other statute, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Satisfaction with Services of Defense Counsel

20.     Your client agrees that he is satisfied with the legal representation that he has received in these matters from his defense counsel. Your client acknowledges that he has had a full and ample opportunity to review the factual and legal issues in the cases with his defense counsel before deciding whether to enter into this Plea Agreement. Your client acknowledges that this Plea Agreement has been read and explained to him, and he has discussed this Plea Agreement thoroughly with his defense counsel. Your client agrees that he has had sufficient opportunity to consider this Plea Agreement, and that he fully understands this Plea Agreement and agrees to it without

reservation. Your client agrees that he is entering this plea agreement knowingly and voluntarily and of his own free will, not as the result of any threats, coercion, duress or other improper influences.

## Complete Agreement

21.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia and/or a trial attorney from the National Security Division of the United States Department of Justice.

22.     Your client further understands that this Plea Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia and upon the National Security Division of the United States Department of Justice. This Plea Agreement does not bind the Civil Division of the United States Attorney's Office for the District of Columbia or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

Gregg A. Maisel
Rachel Carlson Lieber
Assistant United States Attorneys
555 4th Street, NW
Washington, D.C. 20530

David I. Miller
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
10th Street and Constitution Avenue, N.W.
Washington, D.C. 20530

7

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorneys, A.J. Kramer, Esq., and Gregory S. Smith, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one of this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2-26-09

_____
Wesam al Delaema
Defendant

## ATTORNEYS' ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2-26-09

_____
A.J. Kramer, Esq.
Attorney for the Defendant

2-26-09

_____
Gregory S. Smith
Attorney for the Defendant

8

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorneys, A.J. Kramer, Esq., and Gregory S. Smith, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one of this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2-26-09

Wesam al Delaema
Defendant

## ATTORNEYS' ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2-26-09

A.J. Kramer, Esq.
Attorney for the Defendant

2-26-09

Gregory S. Smith
Attorney for the Defendant

8