**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR. NO. 05-337 (PLF)** |
| | : | |
| **WESAM AL-DELAEMA,** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Counsel for Mr. al-Delaema submit this short sentencing memorandum. Because of the posture of this case, counsel do not believe that an extensive sentencing memorandum is necessary at this time. Counsel will respond, as necessary, to any issues raised in the government's sentencing memorandum, which is due simultaneously with that of the defendant.

On February 26, 2009, Mr. al-Delaema entered a plea of guilty to Count One of the Indictment, charging him with conspiracy to kill a national of the United States while such national is outside the United States in violation of 18 U.S.C. § 2332(b). The plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), with the parties agreeing that a specific sentence of twenty-five years is the appropriate disposition in this Court. The Court approved the agreement at the plea hearing. Because the parties agreed that Mr. al-Delaema would be transferred to the Netherlands as promptly as possible after sentencing, where he will be re-sentenced under the appropriate standards in the Netherlands, the Court ordered an expedited presentence report. Counsel has received the draft report which generally sets out Mr. al-Delaema's personal history and characteristics within the format of the usual presentence report. The "Offense Conduct," as

1

described in the presentence report, simply recites the proffer of facts in support of the plea. Counsel thus perceive no need to comment further at this time. Counsel will respond, as necessary, either in reply to the government's sentencing memorandum or in response at the sentencing hearing, to the government's characterization or interpretation of either the facts surrounding this offense or Mr. al-Delaema's conduct, in general,

The presentence report calculates a guideline range of 360 months to life, ¶ 58, based on a total offense level of 42, ¶¶ 18-27, and a criminal history category of VI. ¶ 31. Even though the guidelines are no longer mandatory, 18 U.S.C. § 3553(a) requires their consideration in fashioning a sentence. Thus, a sentencing court should normally begin its analysis by considering a correctly calculated guideline range to facilitate both its determination of the appropriate sentence and appellate review of the reasonableness of the sentence. *United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006). That reasoning is inapplicable here for two reasons. First, where, as here, the Court has accepted an agreement requiring a specific sentence under Rule 11(c)(1)(C), the Court is bound by the sentence. Thus, there is no need for the Court to calculate the guideline range as part of the process of fashioning a sentence. Second, in a Rule 11(c)(1)(C) agreed disposition, neither party can realistically appeal the sentence. Thus, there is no need to calculate the guideline range for the purpose of appellate review. *See Gall v. United States* 128 S. Ct. 586 (2007) (appellate court reviews sentence under standard which presumes reasonableness of sentence whether inside or outside guideline range).

Under these circumstances there is no need for this Court to resolve any disputes as to the proper guideline calculation. That said, the defense notes its disagreement with the twelve point upward adjustment under U.S.S.G. § 3A1.4. *See* PSR, ¶¶ 12, 31. § 3A1.4 provides that this

assessment applies "If the offense is a felony that involved, or was intended to promote, a federal crime of terrorism."  Application note 1 defines a "federal crime of terrorism" by reference to 18 U.S.C. § 2332b(g)(5), which provides that such an offense is one that is "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" *and* which is a violation of one of the listed statutes.  Admittedly, the second requirement of § 2332b(g)(5) is satisfied, as § 2232 is a listed offense.   But the first requirement is not, as there has been no finding that, by entering the conspiracy, Mr. al-Delaema had the specific mental state required by § 2332b(g)(5) - namely that he intended to influence or affect the conduct of government by intimidation or coercion or that he intended to retaliate against the conduct of a government.  Over the defense's objection, and at the urging of the government, this Court has held that the certification language in § 2332(d), which is almost identical to the finding required by § 2332b(g)(5), is *not* an element of the offense.  Thus, the § 2332b(g)(5) finding is not inherent in the plea itself.   Nor can such a finding be based on the factual proffer in support of the plea.  Mr. al-Delaema admitted in the proffer that he wilfully joined the conspiracy to murder nationals of the United States by making the video of  October 30, 2003, but did not make any admission of a mental state falling within § 2332b(g)(5).  No such admission was necessary in light of the Court's finding that the similar language of § 2332(d) is not an element of the offense.  For reasons that will be discussed more fulsomely at sentencing, acts of resistance to invasions and wars of aggression do not come within either the literal language or the spirit of § 3A1.4.[1]   Nor do the particular facts of this case satisfy the

---

[1]Without the § 3A.1.4 adjustment, the total offense level is 30 and the criminal history category is I, resulting in a guideline range of 97-121 months.

required finding under § 2332b(g)(5).

Respectfully submitted,

_____ "/.s/"
Robert L. Tucker
Gregory Smith
Counsel for Mr. al-Delaema