**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No. 05-337 (PLF)** |
| v. | : | |
| | : | |
| WESAM AL DELAEMA, | : | **Sentencing: 4/15/09** |
| also known as | : | |
| WESAM KHALAF CHAYED DELAEME, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* FOR REASONABLE**
**LIMITATIONS ON ALLOCUTION AT SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully moves this Honorable Court for a ruling placing reasonable

limitations on allocution at sentencing.

On February 26, 2009, the defendant entered a plea of guilty to Count One of the

Indictment, charging him with Conspiracy to Murder United States Nationals Outside the United

States, in violation of 18 U.S.C. § 2332(b)(2). The defendant signed and adopted under oath a

5-1/2 page statement of the offense, setting forth agreed-upon facts supporting his plea. The

parties agreed to a 25-year sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Under the agreement between the United States and the Netherlands, the defendant will

ultimately be transferred to the Netherlands, where a Dutch court will determine his appropriate

sentence under Dutch law.

As part of the plea agreement, the parties agreed that, other than the question of the

appropriate sentence, the government would reserve its full right of allocution at the defendant's

sentencing proceeding. Paragraph 8 of the plea agreement provides:

Your client understands that, subject to the provisions of paragraph two of this

> Plea Agreement [setting forth the agreed-upon sentence], **the United States reserves its full right of allocution for purposes of sentencing in this matter**, including for purposes of supporting the appropriateness of the sentences agreed upon by the parties under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and Rule 11(e)(1)(C) of the Superior Court Rules of Criminal Procedure, prior to Judge Friedman's and Judge Morin's respective determinations whether to accept or reject the plea agreement under Rules 11(c)(4) and (5) of the Federal Rules of Criminal Procedure and under Rules 11(e)(4) and (5) of the Superior Court Rules of Criminal Procedure. **In particular, the United States reserves the right to describe fully, both orally and in writing, to the respective courts the nature and seriousness of your client's offenses and any relevant conduct.** The United States also reserves the right to inform the presentence report writers and the courts of any relevant facts, to dispute any factual inaccuracies in the presentence reports, and to contest any matters not provided for in this plea agreement. Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter.

(Emphasis added.)  As explained in the Government's Sentencing Memorandum, the government believes that it is important to exercise its right of full allocution. The guilty plea here was not intended to shield the American public from the facts and the evidence in this case but, rather, to place that evidence on the public record. Similarly, in the government's view, the Court's decision to adopt the agreed-upon sentence should be based on a fair assessment of the totality of the evidence against the defendant.

Likewise, as at any criminal sentencing, the defendant has a right in his allocution to explain his criminal conduct and to place it in an appropriate context, including his personal background. While both parties should be afforded appropriate latitude during their allocution, neither party should be permitted unfettered discretion. The government intends to focus its presentation at sentencing on the evidence concerning the defendant's relevant conduct – *i.e.*, actions that he took, video materials that he created and/or possessed, and statements that he made. It appears, however, that defense counsel intend to go well beyond the defendant's

personal background and the offense at issue in this case and to use this sentencing as a forum to launch a broad attack against the actions of the United States military during the war in Iraq.

In a letter to the government dated March 4, 2009, in which defense counsel sought to dissuade the government from allocuting at sentencing, defense counsel made plain their intentions to put the war in Iraq on trial if the government chose to allocute at sentencing in this case:

> [P]lease be aware that the procedure you propose will invite a vigorous response from the defense that not only addresses the weaknesses in the government's evidence and theories in this case, but one that addresses in the broad context of sentencing, **the United States' Government's (USG) interest in invading other countries** under the circumstances here, **the nature and effects of the USG's military and civilian activities in Iraq, the effect of such activities on those of Iraqi descent as well as in the Arab world in general and the history and duty of resistance to invaders.** Your proposed presentation will open these doors wide and we intend to go through them.

(Emphasis added.)  Within the past few days, including late last night, the defense has disclosed to the government various video materials and other materials that it intends to rely upon at sentencing.  These materials include several purported documentary films criticizing the actions of the U.S. military during the Second Battle of Fallujah in November 2004,[1] a series of articles claiming that the U.S. military committed war crimes by allegedly using white phosphorus

---

[1]    The defense has provided the government with "YouTube" links to three videos, stating that they "may play all or portions of one of the following videos at the sentencing hearing."  The three videos together total more than 25 minutes of footage mainly depicting the reported effects of the U.S. military's actions in Fallujah in November 2004, although one of the videos also contains several minutes of footage of napalm bombings in Vietnam.  The Second Battle of Fallujah depicted in these videos took place more than a year after the defendant joined with a group calling itself the "*Mujahideen* of Fallujah" to plant roadside improvised explosive devices outside Fallujah to kill Americans.

against civilians during that same battle,[2] and a video of the defendant's brother's dead body, taken well after the conspiracy in this case ended, while the defendant was in custody in the Netherlands awaiting extradition to the United States. These materials have no place at the defendant's sentencing.

Last night, the defendant filed its Response to the Government's Sentencing Memorandum ("Response"), in which the defense vigorously challenged the government's view of the evidence in this case. While the government takes issue with the merits of many of the defense statements and characterizations, for the most part the defendant's 35-page Response was appropriately focused on the defendant's background and the evidence in the case.[3] The defense managed to avoid in its 35-page Response any discussion of the Second Battle of Fallujah or of the U.S. military's alleged use of white phosphorous on civilians. Clearly, defense counsel can zealously represent the defendant at his sentencing without resorting to playing videos or engaging in diatribes on these extraneous topics. Nor is it necessary to show video footage of the defendant's brother's dead body in order to describe any emotional impact of this event on the defendant.

_____

[2]    Between 11:00 p.m. and midnight last night, the defense provided the government with notice of 12 additional Internet articles on white phosphorous, to supplement the seven articles on this topic it had previously cited to the government. Defense counsel stated that they "reserve the right to cite and introduce various sources to support our discussion of the use of white phosphorous by the U.S. military in Falluja, and the belated process of disclosures re: same by the U.S. Government." In addition, last night after 11:00 p.m., the defense provided links to two Human Rights Watch (HRW) reports and "a short letter from HRW to Donald Rumsfeld, which may also be briefly referenced" at sentencing.

[3]    The defense Response did, however, engage in gratuitous attacks on the former Attorney General (Response at 3-4), and a general condemnation of U.S. military actions in Iraq (*id.* at 33-34), neither of which, in the government's view, were appropriate for this sentencing proceeding.

Rule 32(i)(4) grants the government, defense counsel and the defendant an opportunity to speak at sentencing.  However, the rule does not say or imply that such a right is unlimited.  The government does not intend to stand up and object during the defense allocution, but it asks that this motion be considered a standing objection to the relevance of any defense allocution that goes beyond an explanation of the defendant's background and actions to a broader attack on U.S. military actions in Iraq.

Accordingly, the government seeks an *in limine* ruling placing reasonable limitations on the scope of allocution at sentencing, so that neither party's allocution goes beyond facts and conduct that are relevant to the offense for which the defendant is being sentenced.  Included in the materials that should be considered beyond the appropriate scope of sentencing allocution are the following: (1) materials whose primary focus is the justification, or lack thereof, of actions taken by the U.S. military in Iraq; (2) materials whose focus is the alleged use of white phosphorous by the U.S. military in Iraq; and (3) visual depictions of the defendant's brother's dead body.

<div style="margin-left: 40%;">

Respectfully submitted,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498-610

By:      ___/s/_____
GREGG A. MAISEL
Assistant United States Attorney
D.C. Bar No. 447-902
National Security Section
555 Fourth Street NW, Room 11-453
Washington, DC 20530
(202) 514-7746
Gregg.Maisel@usdoj.gov

</div>

RACHEL CARLSON LIEBER
Assistant United States Attorney
D.C. Bar No. 456-491
National Security Section
555 Fourth Street NW, Room 11-909
Washington, DC 20530
(202) 353-8055
Rachel.Lieber@usdoj.gov

DAVID I. MILLER
Trial Attorney
N.Y. Bar # 2959369
Counterterrorism Section
U.S. Department of Justice
10th & Constitution Avenue, N.W.
Washington, D.C. 20530
(202) 353-2440
David.Miller@usdoj.gov

Dated: April 14, 2009